[S. F. No. 15106. In Bank.—July 17, 1934.]

T. V. MAXWELL et al., Petitioners, v. THE SUPERIOR COURT OF SAN MATEO COUNTY et al., Respondents.

Kirkbride, Wilson & Brooks for Petitioners.

Carl W. Anderson, Gilbert D. Ferrell and Fred W. Comba for Respondents.

SHENK, J.—Petition for writ of mandate. The matter is presented on the petition, the answer thereto and a demurrer to the answer.

Charle Hammer and Frida Hammer, his wife, brought an action in the respondent superior court against the petitioners herein to rescind certain agreements for the sale of real property. The plaintiffs in the action were the purchasers under said agreements and the petitioners herein were the defendant sellers. The defendants in the action filed a cross-complaint seeking reformation and specific performance of the agreements.

On July 14, 1933, the respondent court made and entered its order termed an interlocutory decree, wherein it adjudged the defendants entitled to reformation and specific performance of the agreements. The order directed that within ten days after service of notice of entry of the interlocutory decree, the defendants deposit with the clerk of the court a grant deed to the property involved conveying to the plaintiffs a merchantable title; that the plaintiffs should have ten days after service of notice of deposit of the deed to deposit the amount of the purchase price or to file and serve a written notice of their objections to the title. The interlocutory decree provided that the court should pass upon the objections and if it should determine that the plaintiffs would receive a merchantable title they should have ten days within which to deposit the purchase money with the clerk. If it should be determined that the title was defective, the defendants were to have 120 days within which to obtain a court decision that the title was clear and merchantable, the plaintiffs thereupon to have ten days within which to deposit the purchase price. It was provided further that upon the deposit of the purchase money a final judgment of specific performance should be entered declaring that the property had been conveyed and the purchase money paid; but that upon failure to deposit the purchase money the defendants should have judgment against the plaintiffs for the amount thereof, $6,500, with interest from January 15, 1932.

Within due time the defendants in said action, the petitioners herein, deposited with the clerk of the court their grant deed. The plaintiffs filed and served their objections to the title. A hearing on said objections was had and on

October 3, 1933, the respondent court made its order that the deed was insufficient to convey a merchantable title. On November 21, 1933, the defendants filed an additional instrument and on that date noticed a second hearing for November 27, 1933, on the question of their compliance with the direction of the interlocutory decree to deposit a deed conveying a merchantable title. The judge of the respondent court was unable to hear said matter on the day noticed and set the hearing for December 4, 1933. On December 2, 1933, the defendants perfected an appeal from the order of October 3, 1933.

On December 4, 1933, the respondent court determined that the grant deed and other instruments deposited with the clerk conveyed a merchantable and clear title. Notice of the entry of said order was served upon the plaintiffs, but the plaintiffs failed to deposit with the clerk the purchase money as provided in the interlocutory decree.

On January 2, 1934, the defendants noticed a motion to be heard on January 8, 1934, for final judgment in their favor, in accordance with the order of December 4, 1933, and the interlocutory decree of July 14, 1933. At the hearing on said motion the plaintiffs interposed an objection to the hearing and determination of the matter on the ground that, as an appeal was then pending from the order of October 3, 1933, the court had no jurisdiction to enter the order of December 4, 1933, and no jurisdiction to enter a final judgment in the action. The hearing on the objection was continued to January 15th.

On January 13th the petitioners obtained an order of dismissal of their appeal from the order of October 3, 1933. On January 15, 1934, when the petitioners' motion for final judgment in their favor was argued and submitted, the respondent court declined to act upon the motion until advised that it had jurisdiction. The petitioners thereupon brought the present proceeding to have determined the question of respondent's jurisdiction to entertain and render its decision on the petitioners' motion for final judgment.

█ The question presented depends for its proper answer on whether the order of December 4, 1933, that the title conveyed by the grant deed was merchantable, was a valid order. Whether it was a valid order depends on whether on that date, while the appeal taken by the peti-

tioners from the order of October 3, 1933, was pending, the respondent court had jurisdiction to entertain and decide the motion of the petitioners for the order of December 4th.

That the respondent court had such jurisdiction becomes apparent when the question of the appealability of the order of October 3, 1933, is considered. That order was not a final judgment in the action nor was it a special order made after final judgment. ■ The interlocutory decree of July 14, 1933, was not, under the facts presented, a final judgment. It declared the rights of the parties, but it also provided for further steps and proceedings to be taken for the purpose of clearing the title to the property to be conveyed, and it specifically provided for a retention of jurisdiction by the respondent court for that purpose, and that final judgment be made when the question of the merchantability of the title should be determined. Further, the interlocutory decree was not an order that the defendants were entitled to specific performance absolutely, but was an order that they were so entitled in the event that they could furnish a merchantable title and the question of the merchantability of the title was explicitly reserved for investigation and determination prior to the entry of a final judgment in the action. Nor could the nature of the final judgment be determined until it was first determined whether there had or had not been a compliance with the directions of the interlocutory decree by both parties. Such an order is interlocutory. (*Doudell* v. *Shoo,* 159 Cal. 448, 453 [114 Pac. 579]; *Zappettini* v. *Buckles,* 167 Cal. 27, 33 [138 Pac. 696]; 2 Cal. Jur., pp. 139, 145.) The order of October 3, 1933, therefore, was not a special order made after final judgment. Nor was it the final judgment contemplated by the interlocutory decree. Inasmuch as by the interlocutory decree the defendants had 120 days from October 3, 1933, within which to perfect their title, the order of October 3, 1933, was but another intermediary or interlocutory order in the case and nonappealable. (Sec. 963, Code Civ. Proc.; 2 Cal. Jur., p. 149.) The purported appeal therefrom was ineffectual and did not divest the respondent court of jurisdiction to make the order of December 4, 1933, or to proceed to final judgment in the action pending before it. (*Krotzer* v. *Clark,* 178 Cal. 736 [174 Pac. 657]; 2 Cal. Jur., pp. 421, 422.)

The question has been considered with respect to all of the facts alleged in the petition and the answer, and a specific ruling on the demurrer to the answer is deemed unnecessary.

It is ordered that the peremptory writ issue as prayed.

Preston, J., Langdon, J., Curtis, J., Waste, C. J., and Thompson, J., concurred.