[Civ. No. 6252. Fourth Dist. Feb. 4, 1960.]

AILEEN S. OLMSTEAD et al., Respondents, v.
WILLIAM WEST, Appellant.

Hews, Hews & Brown for Appellant.

Alford P. Olmstead, in pro. per., and Wendell P. Hubbard
for Respondents.

COUGHLIN, J.—The plaintiffs brought this action to specifically enforce the provisions of a written option to purchase real estate allegedly exercised by them. The trial court found in favor of the plaintiffs' contention and entered an interlocutory judgment which directed the defendant, within a specified time, to execute a good and sufficient deed conveying to plaintiffs the fee title to certain real property; to cause said deed to be placed in a designated escrow; and to furnish plaintiffs with a policy of title insurance showing title to said property to be vested in defendant free and clear of all encumbrances except as specifically noted; which also decreed that should the defendant fail to execute said deed within the time designated that the clerk of the court should execute such a deed on behalf of defendant and place it in the aforesaid escrow; which directed the plaintiffs to deposit designated sums of money in said escrow and which decreed a method of payment of the expenses and charges of this escrow and the cost of the policy of title insurance. The interlocutory judgment further provides: "That if the plaintiffs fail to deposit the aforesaid sums in escrow within ten days after delivery of the aforesaid deed in escrow, either by defendant or by the Clerk of this Court, then and in that event the complaint of the plaintiffs be dismissed and the plaintiffs be forever barred of the right of specific performance of the lease and option agreement and that the same be given up to be cancelled," and ". . . that this is an interlocutory judgment *only* and the Court hereby expressly retains and reserves jurisdiction of *all* proceedings until *final* judgment, in order to make *final* determination of the rights of the parties." (Italics ours.)

In their brief the plaintiffs direct the attention of this court to the fact that the interlocutory judgment in question is not appealable. However, plaintiffs suggest that they do not press this point "vigorously" and "are willing that the matter be decided on this appeal rather than to have the appeal dismissed on such technical grounds, but desire to be protected from a later appeal from the final judgment which may be entered later."

The difference between a final and an interlocutory judgment was stated by the court in *Lyon* v. *Goss,* 19 Cal.2d 659, 670 [123 P.2d 11], as follows:

"As a general test, which must be adapted to the particular circumstances of the individual case, it may be said that where no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree,

that decree is final, but where anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties, the decree is interlocutory."

Judgments containing provisions similar to that before this court have been held to be interlocutory and not final judgments in *Krotzer* v. *Clark*, 178 Cal. 736 [174 P. 657]; *Scarbery* v. *Bill Patch Land & Water Co.*, 170 Cal.App.2d 368 [338 P.2d 916]; *Goldsworthy* v. *Dobbins*, 110 Cal.App.2d 802, 806 [243 P.2d 883]; *Peninsula Prop. Co.* v. *County of Santa Cruz*, 106 Cal.App.2d 669, 680 [235 P.2d 635].

 Prospective matters in the case at bar which may require judicial action concern the ability of the defendant to furnish a policy of title insurance complying with the conditions prescribed by the judgment (*Maxwell* v. *Superior Court*, 1 Cal.2d 294 [34 P.2d 475]); the ability or willingness of the plaintiffs to pay the moneys required of them; the terms of the final judgment in the event the plaintiffs fail to pay the purchase price as directed; and the nature, extent and reasonableness of the expenses and cost of the escrow and the title policy fee. The interlocutory judgment decrees that, in the event the plaintiffs fail to pay the sums indicated, their complaint should be dismissed and, also, that they should be forever barred of the right of specific performance, and that the lease and option in question should be given up to be cancelled. It is obvious that this provision requires more than an order of dismissal. Judgment in favor of the defendant would be essential to effect the intent of the interlocutory decree in the event plaintiffs fail to pay the amounts required of them. Moreover, the judgment appealed from expressly reserves jurisdiction of all proceedings in order to make a *final* determination of the rights of the parties.

It is noteworthy that, in their brief, the plaintiffs state the property in question is erroneously described in the option agreement, in the complaint, and in the judgment. Further proceedings in this area are indicated. This matter is a subject for judicial action by the court.

 Jurisdiction cannot be conferred "upon the Appellate Court by the consent or stipulation of the parties, estoppel or waiver" (*Estate of Hanley*, 23 Cal.2d 120, 123 [142 P.2d 423, 149 A.L.R. 1250]; *Phillips* v. *Phillips*, 41 Cal.2d 869, 874 [264 P.2d 926]), and any adjudication by a court which lacks jurisdiction is void. (*Texas Co.* v. *Bank of America*, 5 Cal.2d 35 [53 P.2d 127].) Consequently it is the duty of an

appellate court on its own motion, to dismiss an appeal from a judgment which is not appealable. (*Collins* v. *Corse,* 8 Cal.2d 123 [64 P.2d 137]; *David* v. *Goodman,* 89 Cal.App.2d 162, 165 [200 P.2d 568].)

The appeal in this matter is dismissed.

Griffin, P. J., and Shepard, J., concurred.