[Civ. No. 24741. Second Dist., Div. Three. Aug. 2, 1961.]

MAIER BREWING COMPANY, Respondent, v. PACIFIC NATIONAL FIRE INSURANCE COMPANY (a Corporation), Appellant.

William H. Levit, Herbert Z. Ehrmann and Long & Levit for Appellant.

Betts, Ely & Loomis for Respondent.

VALLÉE, J.—Appeal by defendant Pacific National Fire Insurance Company, called Pacific National, from an interlocutory judgment decreeing reformation of a fire insurance policy issued by it to plaintiff Maier Brewing Company, called Maier.

Maier owned and operated a brewery in Los Angeles. The buildings and equipment were insured against loss by fire by two policies issued by Home Fire and Marine Insurance Company, one effective December 8, 1952, to December 8, 1955, and the other effective January 22, 1953, to January 22, 1956, and a third policy issued by Union Insurance Society effective January 13, 1953, to January 13, 1956. Maier's property included a large lot known as the Gas Company property on which it stored equipment of the value of $318,000. The Home policies covered the equipment on the Gas Company property.

About October 19, 1955, Pacific National, through Behrendt-Levy Insurance Agency, issued to Maier a fire insurance policy effective for a term of five years from December 8, 1955, to replace the Home and Union policies. As the coverage under the Home and Union policies did not expire on the same date, endorsements were included on the Pacific National policy increasing the coverage afforded to replace the coverage of the old policies as they expired. The Pacific National policy, as written, did not cover the equipment on the Gas Company property.

About June 30, 1957, a fire occurred on the Gas Company property, damaging and destroying some of the equipment located thereon. Maier, without delay, gave notice of the loss to Pacific National. On July 26, 1957, Pacific National denied liability and gave as its reason that the property damaged and destroyed by the fire was not insured by the policy it had issued to Maier.

Maier then instituted this suit for reformation of the Pacific National policy ''to add to the description of premises covered by said policy 'former Gas Company property near Macy Street,' or such other description as the court may deem proper.''

At the pretrial conference the parties stipulated: ''If reformation is granted then all parties agree that an interlocutory decree should be entered and the procedures in the policy should be followed to determine the amount of loss to be paid by defendant to plaintiff. If the parties cannot agree on the amount of loss and further court action is necessary then the court should retain jurisdiction to finally dispose of the matter. In that regard defendant reserves the right to bring in any necessary parties, to pursue further discovery matters, and to raise other issues which relate to the determination of the loss and defendant's payment thereof.''

The court found: ''Both plaintiff and defendant, through its agent Behrendt-Levy Insurance Agency, intended and agreed that said policy should cover all property, both real and personal, owned by plaintiff and located in the general area and neighborhood of Aliso and Vignes Streets. The personal property damaged and destroyed by fire on June 30, 1957 was located in said area intended and agreed to be covered, was part of the property intended and agreed to be covered, and was located on a parcel of real property intended and agreed to be described in said policy.

''The location where the fire occurred, and the property located thereon, were a location and property which the defendant agreed to insure in the policy issued by it, but a specific description of said location was inadvertently omitted from the policy, by reason of the mutual mistake of the parties.''

The court rendered an interlocutory judgment reforming the policy issued by Pacific National to include a specific description of the Gas Company property; adjudging that Maier pay Pacific National an additional premium of $2,239.49; ad-

judging that Maier is entitled to be paid by Pacific National a sum equal to the actual cash value, at the time of the loss, of the property of Maier damaged or destroyed by fire on June 30, 1957, but not exceeding the amount which it would cost to repair or replace the property with material of like kind and quality within a reasonable time after the loss; and adjudging:

"4. That, pursuant to stipulation of the parties, the procedures prescribed in the policy should be followed by the parties to determine the amount of loss to be paid by defendant to plaintiff.

"5. That if the parties are unable to agree on the amount of said loss, and further Court action is necessary, the Court retains jurisdiction, upon application of either party, finally to dispose of the matter by determining the amount of the loss which defendant shall be obligated to pay to plaintiff, and to make and enter a judgment for said amount."

Pacific National appeals.

Maier contends the judgment rendered is not a final judgment and that it is not appealable. We agree.

"The law applicable has been stated as follows: 'An appeal lies only from a final judgment unless an appeal from an interlocutory decree or judgment is expressly authorized by law.' (*Bakewell* v. *Bakewell,* 21 Cal.2d 224; 226-227 [130 P.2d 975].) 'There can be but one final judgment in an action, and that is one which in effect ends the suit in the court in which it is entered, and finally determines the rights of the parties in relation to the matter in controversy' (*Stockton etc. Works* v. *Glen's Falls Ins. Co.,* 98 Cal. 557, 577 [33 P. 633]; *Nolan* v. *Smith,* 137 Cal. 360, 361 [70 P. 166]; *Bank of America* v. *Superior Court,* 20 Cal.2d 697, 701 [128 P.2d 357]). A judgment is final 'when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined.' (*Doudell* v. *Shoo,* 159 Cal. 448, 453 [114 P. 579].)" (*David* v. *Goodman,* 89 Cal.App.2d 162, 165 [200 P.2d 568].)

"It has been said of subsection 1 of said section 963 [Code Civ. Proc.], authorizing an appeal from 'a final judgment' that '[t]his provision states the *final judgment rule,* or rule of one final judgment, a fundamental principle of appellate practice in the United States. The theory is that piecemeal disposition and multiple appeals in a single action

would be oppressive and costly, and that a review of intermediate rulings should await the final disposition of the case.' (3 Witkin, California Procedure, p. 2151.)'' (*Efron* v. *Kalmanovitz*, 185 Cal.App.2d 149, 154 [8 Cal.Rptr. 107].)

 ''No provision is made in section 963 of the Code of Civil Procedure for an appeal from an interlocutory judgment unless by such interlocutory judgment no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the decree. Where anything further in the nature of judicial action on the part of the court is necessary to a final determination of the rights of the parties, the decree is interlocutory. From such interlocutory decree no appeal lies.'' (*Shirley* v. *Cook*, 119 Cal.App.2d 220, 222 [259 P.2d 25]; *Meehan* v. *Hopps*, 45 Cal.2d 213, 217 [288 P.2d 267].)

 It is not sufficient that the judgment determine finally for the purposes of further proceedings in the trial court some distinct issue in the cause; it must direct the payment of money by the appellant or the performance of an act by or against him. (*Sjoberg* v. *Hastorf*, 33 Cal.2d 116, 119 [199 P.2d 668].)

*Whitacre* v. *Hall*, 40 Cal.App.2d 68 [104 P.2d 401, 660], and *Olmstead* v. *West*, 177 Cal.App.2d 652 [2 Cal.Rptr. 443], are in point. *Whitacre* was in part a suit to reform a contract. The parties stipulated that the issue as to reformation should be tried and decided before the other issues. The court rendered judgment denying reformation and directing that an accounting be had. The plaintiff appealed. The court held (p. 72):

''The first so-called judgment was not a final judgment and was not such an interlocutory judgment as is made appealable by the statute. (§ 963, Code Civ. Proc.) While that judgment interpreted the contract and denied a reformation thereof, it did not establish any certain indebtedness, and, on the other hand, it directed that an accounting be had and referred to the memorandum of costs which should be filed 'at the conclusion of this case.' It was purely an interlocutory order or judgment, the appeal therefrom was of no effect, the court retained jurisdiction to proceed with the other issues raised in the action. . . .''

*Olmstead* was a suit for specific performance. An interlocutory judgment was rendered (p. 653) ''which directed the defendant, within a specified time, to execute a good and

sufficient deed conveying to plaintiffs the fee title to certain real property; to cause said deed to be placed in a designated escrow; and to furnish plaintiffs with a policy of title insurance showing title to said property to be vested in defendant free and clear of all encumbrances except as specifically noted; which also decreed that should the defendant fail to execute said deed within the time designated that the clerk of the court should execute such a deed on behalf of defendant and place it in the aforesaid escrow; which directed the plaintiffs to deposit designated sums of money in said escrow and which decreed a method of payment of the expenses and charges of this escrow and the cost of the policy of title insurance. The interlocutory judgment further provides: 'That if the plaintiffs fail to deposit the aforesaid sums in escrow within ten days after delivery of the aforesaid deed in escrow, either by defendant or by the Clerk of this Court, then and in that event the complaint of the plaintiffs be dismissed and the plaintiffs be forever barred of the right of specific performance of the lease and option agreement and that the same be given up to be cancelled,' and '. . . that this is an interlocutory judgment *only* and the Court hereby expressly retains and reserves jurisdiction of *all* proceedings until *final* judgment, in order to make *final* determination of the rights of the parties.' '' The defendant appealed. Dismissing the appeal, the court stated (p. 654):

''Prospective matters in the case at bar which may require judicial action concern the ability of the defendant to furnish a policy of title insurance complying with the conditions prescribed by the judgment (*Maxwell* v. *Superior Court*, 1 Cal.2d 294 [34 P.2d 475]); the ability or willingness of the plaintiffs to pay the moneys required of them; the terms of the final judgment in the event the plaintiffs fail to pay the purchase price as directed; and the nature, extent and reasonableness of the expenses and cost of the escrow and the title policy fee. The interlocutory judgment decrees that, in the event the plaintiffs fail to pay the sums indicated, their complaint should be dismissed and, also, that they should be forever barred of the right of specific performance, and that the lease and option in question should be given up to be cancelled. It is obvious that this provision requires more than an order of dismissal. Judgment in favor of the defendant would be essential to effect the intent of the interlocutory

decree in the event plaintiffs fail to pay the amounts required of them. Moreover, the judgment appealed from expressly reserves jurisdiction of all proceedings in order to make a *final* determination of the rights of the parties.''

A consideration of the issues as made by the pretrial stipulation and of the terms of the judgment discloses that further judicial action must be had before all the rights of the parties can be determined. As in *Olmstead,* prospective matters which may require judicial action concern the ability of the parties to agree on the amount of the loss; the willingness of defendant to pay the amount agreed upon; and in the event of disagreement, determination of the amount of the loss. And as provided by the pretrial stipulation, in the event the parties are unable to agree, ''defendant reserves the right to bring in any necessary parties, to pursue further discovery matters, and to raise other issues which relate to the determination of the loss and defendant's payment thereof.'' The court expressly reserved jurisdiction to determine such matters. Whether the parties agree or do not agree as to the amount of the loss, further judicial action will be necessary. Payment of the loss can be directed to be made only on entry of the final judgment.

Inasmuch as the attempted appeal is from a nonappealable interlocutory judgment, jurisdiction of the cause remains in the superior court.

Appeal dismissed.

Shinn, P. J., and Ford, J., concurred.