[Civ. No. 199.   Fifth Dist.   Dec. 21, 1962.]

JOHN B. BAILEY et al., Plaintiffs and Appellants, v. FOSCA OIL COMPANY, LTD. et al., Defendants and Respondents.

Burke & LaRue, Lawrence W. Young, Robert L. Young and Annette LaRue for Plaintiffs and Appellants.

Rowell, Lamberson & Thomas, Edwin H. Hiber and Breckinridge Thomas for Defendants and Respondents.

BROWN, J.—Respondents have moved this court to dismiss the appeal on the ground that appellants attempt to appeal from an order which is not appealable.

Appellants, stockholders of Fosca Oil Co., Ltd., brought a derivative action against the corporation and certain officers and directors of the corporation, the complaint containing three alleged causes of action. Respondents' motion for an order requiring plaintiffs to furnish security for costs was denied. On appeal, the order of denial was affirmed as to the first and second causes of action and remanded to the trial court with directions to reconsider the motion as to the third cause of action. (*Bailey* v. *Fosca Oil Co.*, 180 Cal.App.2d 289 [4 Cal.Rptr. 474].) Appellants served and filed a notice of intention to enter the default of respondents. Respondents' motion for an order staying proceedings and extending time to answer or otherwise plead, made pursuant to section 834 of the Corporations Code, was granted by an order providing in material part as follows:

"It is ordered by the Court that the motion for order staying prosecution and extending time to plead be, and it is hereby granted, *and the plaintiff shall not apply for a default* and the defendant shall not be required to file any pleading until ten (10) days after the defendant's motion for security under Corporations Code section 834 is disposed of." (Emphasis added.)

This appeal is from that order. Respondents contend it is an order staying proceedings and nonappealable. Appellants contend it is an injunctive order and appealable.

■■ Concededly, an order staying proceedings in the same action is not an appealable order; the remedy is by application for a *mandamus* to compel the trial court to proceed (*Rhodes* v. *Craig*, 21 Cal. 419, 423; *Avery* v. *Superior Court*, 57 Cal. 247, 250; *Pacific Engine etc. Works* v. *Superior Court*, 132 Cal.App. 2d 739, 745 [282 P.2d 937]). The problem in this case arises from the language of the order which we have emphasized. It is respondents' position that the order granting the stay carries with it the implied order that no default shall be taken; hence, the express order here involved to that effect is tautological surplusage and does not operate to change the classification of the order from one staying proceedings to one granting preventive relief. They cite and rely upon the case of *Union Oil Co.* v. *Reconstruction Oil Co.*, 4 Cal.2d 541 [51 P.2d 81]. In that case an order was made authorizing the plaintiff to make a subsurvey of defendants' oil wells to determine whether they were bottomed beneath the plaintiff's leased lands, and the defendants were restrained from interfering with the carrying out of the orders of examination and survey. Plaintiff moved

to dismiss defendants' appeal from the orders on the ground of nonappealability. Defendants argued that the restraint brought the order within the classification of an injunction and it was therefore appealable. The court rejected the argument and dismissed the appeal on the rationale that the prohibitory clause was in reality surplusage since every judicial order by necessary implication proscribes interference with its enforcement, and the order did not prohibit appellants from any affirmative action. The holding of that case would fully support respondents' interpretation of the subject order had it been limited in its terms to the third cause of action. But it was not; it embraces all three causes of action. As to the first and second, it prohibits plaintiffs from taking affirmative action by way of entering defaults.

In opposing the motion to dismiss, appellants point out that upon affirmance on appeal of the order denying respondents' motion for security for costs as to the first and second causes of action contained in their complaint, those causes of action were removed from the operation of section 834 of the Corporations Code. It follows that, as to those two causes of action, no motion for security was pending and the order staying proceedings granting time to answer and restraining appellants from entering defaults thereon constitutes an injunction which is appealable.

We are also mindful of the principle that, when the propriety of an appeal is not free from dubiety, the better practice is to deny the motion to dismiss and permit the appeal to be determined on the merits (*Huskey* v. *Berini*, 127 Cal. App.2d 275 [273 P.2d 568]).

The motion is denied.

Stone, Acting P. J., concurred.

Conley, P. J., deeming himself disqualified, did not participate.

A petition for a rehearing was denied January 17, 1963. Conley, P. J., being disqualified, did not participate therein. Respondents' petition for a hearing by the Supreme Court was denied February 13, 1963.