249 Cal.App.2d 644 (1967)
57 Cal. Rptr. 687
ROY H. WOODMAN et al., Plaintiffs and Appellants,
v.
FREDERICK W. ACKERMAN et al., Defendants and Respondents.
Docket No. 23703.
Court of Appeals of California, First District, Division One.
March 22, 1967.
*645 Philip A. Ray and Kelso, Cotton & Ernst for Plaintiffs and Appellants.
Marion B. Plant, Brobeck, Phleger & Harrison, Harold C. Faulkner, W. Burleigh Pattee, William L. Ferdon, Chickering *646 & Gregory, Pillsbury, Madison & Sutro, Noble K. Gregory, William I. Edlund, Walter R. Allan and Parker A. Maddux for Defendants and Respondents.
ELKINGTON, J.
This is an appeal from orders of the superior court, in a corporate shareholders' derivative action, granting motions of defendants below and respondents here, that plaintiffs (appellants here) be required to furnish security in accordance with the provisions of Corporations Code section 834.
Section 834 provides a procedure in a shareholders' derivative suit for requiring a plaintiff therein to furnish security for the "probable reasonable expenses" of certain defendants. The section states in part that such defendants "shall have recourse to such security in such amount as the court shall determine upon the termination of such action. The amount of such security may thereafter from time to time be increased or decreased in the discretion of the court upon showing that the security provided has or may become inadequate or is excessive. If the court, upon any such motion, makes a determination that security shall be furnished by the plaintiff as to any one or more defendants, the action shall be dismissed as to such defendant or defendants, unless the security required by the court shall have been furnished within such reasonable time as may be fixed by the court.... If any such motion is filed, no pleadings need be filed by the corporation or any other defendant, and the prosecution of such action shall be stayed, until 10 days after such motion shall have been disposed of...."
The sole issue before us at this time concerns the appealability of the orders in question. Appellants insist that such an appeal lies, while respondents contend that an appeal may be taken only from the judgment of dismissal provided for upon the nonposting of the required security.
[1] If the orders with which we are here concerned are not appealable, the appeal must be dismissed. An appellate court lacks jurisdiction to consider an appeal from a nonappealable order. (Rossi v. Caire, 189 Cal. 507, 508 [209 P. 347]; Sherman v. Standard Mines Co., 166 Cal. 524, 525 [137 P. 249]; Efron v. Kalmanovitz, 185 Cal. App.2d 149, 152 [8 Cal. Rptr. 107]; Estate of Vai, 168 Cal. App.2d 147, 149 [335 P.2d 501].) [2] The court must of its own motion dismiss such an appeal. (Efron v. Kalmanovitz, supra; Olmstead v. West, 177 Cal. App.2d 652, 654 [2 Cal. Rptr. 443]; Corbett v. *647 Petroleum Maintenance Co., 119 Cal. App.2d 21 [258 P.2d 1077]; 3 Witkin, Cal. Procedure (1954) Appeal, § 9, p. 2150.)
The question before us has never, so far as we have been able to determine, been squarely decided in this state.
We find in Burt v. Irvine Co., 237 Cal. App.2d 828, 836 [47 Cal. Rptr. 392], dictum suggesting the probable appealability of such orders as constitute the subject of this appeal. In Wood v. Gordon, 112 Cal. App.2d 374, 376 [246 P.2d 84]. appears language which seems to indicate that an appeal lies directly from such orders. (See also 12 Cal.Jur.2d 780.) However, from a careful study of the opinion in that case it appears that the appeal there was in fact from judgments of dismissal entered following failure to deposit security as ordered. (See discussion in accord with this view in Efron v. Kalmanovitz, supra, 185 Cal. App.2d 149, 157-158.) In Marble v. Latchford Glass Co., 205 Cal. App.2d 171 [22 Cal. Rptr. 789], the court entertained an appeal from an order granting such a motion for security under section 834. However, the question of the appealability of such an order was neither raised nor considered in that opinion.[1] [3] Appellate decisions have no authoritative value as to points not raised or considered by the court. (General Motors Accept. Corp. v. Kyle, 54 Cal.2d 101, 114 [4 Cal. Rptr. 496, 351 P.2d 768].)
We find language in the appellate decisions of this state, which must also be treated as obiter dicta, tending to support the proposition that such an order is not appealable. This language is rather persuasive. (3 Witkin, Cal. Procedure (1954) Appeal, § 226, p. 2442.) In Hagan v. Superior Court, 53 Cal.2d 498 [2 Cal. Rptr. 288, 348 P.2d 896], the court, in an opinion granting a writ of prohibition, which, in part, prevented the enforcement of an order requiring posting of security under section 834, stated (p. 501): "Real parties in interest contend that the remedy by appeal is adequate. Petitioners could request, and if necessary compel, respondent court to enter a judgment dismissing their complaint ... for failure to comply with its security order. [Citations.] An appeal could then be taken from such dismissal challenging the propriety of the security order." Efron v. Kalmanovitz, supra, 185 Cal. App.2d 149, concerned an appeal from, among *648 other things, an order denying a motion to furnish security under section 834. The court said (pp. 156-157): "[I]t is to be observed that the Legislature has provided in Corporations Code, section 834, that in the event an order for security is made and is not furnished, `the action shall be dismissed.' Although the section does not expressly provide for the entry of judgment of dismissal, it appears to be contemplated and is the established practice. A judgment of dismissal is obviously appealable." In Melancon v. Superior Court, 42 Cal.2d 698 [268 P.2d 1050] (prohibition proceedings in which the court refused to consider the validity of a security order made under section 834) it is stated (pp. 704-705): "... it appears that the remedy by appeal from the judgment of dismissal which presumably will follow if the ordered security is not furnished is not only an adequate, but is clearly a more appropriate remedy than the writs here sought.... [N]o such aggravated circumstances or consequential damages would appear to flow from the order requiring the furnishing of security by plaintiff in the derivative stockholders' action, or from the entry of an appealable judgment of dismissal which would follow plaintiff's failure to comply with the security order."
Cases in which appellate courts have heard and decided appeals from judgments of dismissal, following failure to post security as ordered under section 834, follow: Beyerbach v. Juno Oil Co., 42 Cal.2d 11 [265 P.2d 1]; Hogan v. Ingold, 38 Cal.2d 802 [243 P.2d 1, 32 A.L.R.2d 834]; Chase v. SuperCold Corp., 163 Cal. App.2d 83 [328 P.2d 812]; Thomas v. Summers Gyroscope Co., 160 Cal. App.2d 234 [342 P.2d 893]; Olson v. Basin Oil Co., 136 Cal. App.2d 543 [288 P.2d 952]; Barber v. Lewis & Kaufman, Inc., 125 Cal. App.2d 95 [269 P.2d 929]; Oser v. Wilcox (9th Cir.) 338 F.2d 886; Koster v. Warren (9th Cir.) 297 F.2d 418. In each of these cases the issue of appealability was neither raised nor considered. (See General Motors Accept. Corp. v. Kyle, supra, 54 Cal.2d 101, 114.)
[4] The law of this state does not allow, on an appeal from a judgment, a review of any decision or order from which an appeal might previously have been taken (Code Civ. Proc., § 956; Mohn v. Tingley, 191 Cal. 470, 492 [217 P. 733]; West v. Parker, 97 Cal. App.2d 286, 291 [217 P.2d 473]; Weber v. Marine Cooks' & Stewards' Assn., 93 Cal. App.2d 327, 339 [208 P.2d 1009]; Weygandt v. Larson, 130 Cal. App. 304, 310 [19 P.2d 852]). If an appeal lies directly from an order *649 requiring posting of security under section 834 then the judgment of dismissal following a failure to comply is nonappealable. Conversely, if such a judgment is appealable then the previous order is not.
Citing Bailey v. Fosca Oil Co., Ltd., 211 Cal. App.2d 307, 309 [27 Cal. Rptr. 454], and Kneeland v. Ethicon Suture Laboratories, 113 Cal. App.2d 335, 338 [248 P.2d 477], appellants urge that since a substantial question exists as to the appealability of the order here in question, any doubt on that score should be resolved in favor of allowing their appeal.
[5] The rule contended for is expressed in Kneeland, supra (p. 338), as "`The right of appeal is remedial and in doubtful cases the doubt should be resolved in favor of the right whenever the substantial interests of a party are affected....'" We do not believe this rule should be applied here where appellants are in any event guaranteed a right of appeal  either from the order in question or a judgment of dismissal. No substantial interests of appellants would seem to be affected.[2] And application of this rule would result in a continuation of the procedural uncertainty that confronts the parties to this appeal. If we apply the rule of Kneeland, supra (p. 338), to appeals from orders granting security under section 834, then logically the rule must also be applied to appeals from judgments of dismissal under section 834  a result forbidden by Code of Civil Procedure section 956.
[6] It is well settled that there is no constitutional right to an appeal, that the right of appeal is statutory, and that a judgment or order is not appealable unless it is expressly made so by statute. (Trede v. Superior Court, 21 Cal.2d 630, 634 [134 P.2d 745]; Collins v. Corse, 8 Cal.2d 123, 124 [64 P.2d 137]; Superior Wheeler Cake Corp. v. Superior Court, 203 Cal. 384, 386 [264 P. 488].)
Code of Civil Procedure section 963, as applicable here, provides that appeals may be taken: "1. From a final judgment entered in an action, ... commenced in a superior court, ..." This is a statement of the so-called "one final judgment" rule. (See 3 Witkin, Cal. Procedure (1954) Appeal, § 10, p. 2151.) [7] However, a necessary exception to the one final judgment rule is recognized where there is a *650 final determination of some collateral matter distinct and severable from the general subject of the litigation. If this determination requires the aggrieved party immediately to pay money, or the performance forthwith of an act by or against such party, he is entitled to appeal even though litigation of the main issue continues. (Efron v. Kalmanovitz, supra, 185 Cal. App.2d 149, 154; Sjoberg v. Hastorf, 33 Cal.2d 116, 119 [199 P.2d 668]; Fish v. Fish, 216 Cal. 14, 16 [13 P.2d 375]; 3 Witkin, Cal. Procedure, supra, Appeal, § 11, p. 2152.)
[8] It is clear that the question of security in a shareholders' derivative action bears no relation to the main issues to be litigated, and is thus distinct and severable therefrom. The proceedings involving a determination of such matters are therefore "collateral." The question remaining then is whether the order that security be posted, or the judgment of dismissal which follows its nonposting, is the "final determination" of such a collateral matter.
[9] "[I]t may be said that where no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree, that decree is final, but where anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties, the decree is interlocutory." (Lyon v. Goss, 19 Cal.2d 659, 670 [123 P.2d 11]; see also In re Canton Placer Mining Co., 190 Cal. App.2d 613, 617 [12 Cal. Rptr. 65]; Olmstead v. West, 177 Cal. App.2d 652, 653-654 [2 Cal. Rptr. 443]; 3 Witkin, Cal. Procedure, supra, Appeal, § 15, p. 2157.) [10] Title Ins. & Trust Co. v. California etc. Co., 159 Cal. 484, 491 [114 P. 838], states the rule of finality in this manner: "Where the order requires the payment of money by the party complaining [citations], or the doing of an act by or against him, the order is in effect final as against such party and may be appealed from by him. If, on the other hand, the order be in its nature such as to be subject, before enforcement or execution, to the further action of the court, either by decree or subsequent order [citations], the order complained of is not final and review must be sought by means of appeal from the decree or order subsequently entered."
[11] A study of section 834 indicates to us that the Legislature did not intend an order requiring a plaintiff to post security to be a final determination of the rights of the parties with regard to such security. The section expressly provides for further action by the court in the event that the *651 security order is not complied with, i.e., the entry of a judgment of dismissal. It also provides that after the order is made, the "amount of such security may thereafter from time to time be increased or decreased in the discretion of the court...." The section states further that prosecution of the principal action is to be stayed until 10 days after the motion for security shall have been "disposed of," i.e., final action has been taken thereon. The point at which the motion is "disposed of," or finalized, is not the time at which the court rules that security is to be furnished, but rather occurs when the plaintiff either furnishes the required security or refuses to do so and suffers a dismissal. (See Melancon v. Superior Court, supra, 42 Cal.2d 698, 707-708.)
The appeal here is analogous to an appeal taken from an order sustaining a demurrer without leave to amend. Such an order is not appealable, as it is not the final judgment in the case. The reason is that "the trial court may reconsider its ruling after such order but before judgment and come to a different conclusion." (Berri v. Superior Court, 43 Cal.2d 856, 860 [279 P.2d 8]; Bank of America v. Superior Court, 20 Cal.2d 697, 702 [128 P.2d 357].) The trial court has inherent power (De La Beckwith v. Superior Court, 146 Cal. 496, 499-501 [80 P. 717]; People v. Jolke, 242 Cal. App.2d 132, 143 [51 Cal. Rptr. 171]; City of Los Angeles v. Oliver, 102 Cal. App. 299, 326 [283 P. 298]) and statutory power (Code Civ. Proc., § 128, subd. 8; People v. Eggers, 30 Cal.2d 676, 692 [185 P.2d 1]) to reconsider its ruling that security be furnished by a plaintiff (pursuant to section 834) at any time before a judgment of dismissal.
Respondents urge that the orders with which we are concerned lack still another of the necessary elements of appealability from a final collateral order. They contend that the orders do not require the payment of money by appellants or the performance of an act by or against them. (See Efron v. Kalmanovitz, supra, 185 Cal. App.2d 149, 154.) We are inclined to agree. Appellants are not required to perform any act unless they choose to continue an action which the trial court has already determined has not a "reasonable possibility" of benefiting the corporation. (See section 834, subd. (b) (1).) The orders here are quite unlike the usual final appealable interlocutory order, such as an order awarding temporary alimony, costs and counsel fees (Stoner v. Superior Court, 67 Cal. App.2d 760, 761 [155 P.2d 697]); an order reducing alimony (Greene v. Superior Court, 55 Cal.2d 403, *652 405 [10 Cal. Rptr. 817, 359 P.2d 249]); or an order vacating appointment of a receiver and directing him to pay over money (Hibernia Sav. & Loan Soc. v. Ellis Estate Co., 216 Cal. 280 [13 P.2d 929]). In such cases there is no alternative; the orders are unconditional and take effect, or call for compliance forthwith. On the other hand the orders here are more nearly comparable to those which were discussed in Grant v. Superior Court, 106 Cal. 324, 325-326 [39 P. 604], where the court stated: "The only order which the court proposes to make is one fixing the amount of the compensation. Such an order cannot, by itself, injure anyone; ... There is nothing in conflict with this view in anything decided in Rochat v. Gee, 91 Cal. 355 [27 P. 670]. The order held in that case to be nonappealable was merely a partial settlement of a receiver's account, and was not by its terms made payable by any party, or enforceable against any party by execution, or payable out of any fund. In other words, it lacked one essential element of a final judgment."
[12] We think both the rules of appealability in general and the provisions of section 834 contemplate a judgment of dismissal as the vehicle of appeal in shareholders' derivative action security order proceedings.
Accordingly we hold that an order requiring a plaintiff to furnish security pursuant to section 834 of the Corporations Code is not an appealable order.
The appeal herein is therefore dismissed.
Molinari, P.J., and Sims, J., concurred.
A petition for a rehearing was denied April 11, 1967. On April 17, 1967 the opinion was modified to read as printed above. Appellants' petition for a hearing by the Supreme Court was denied May 17, 1967.
NOTES
[1] Appellants have furnished this court, without objection by respondents, copies of certain papers from the files of the Marble v. Latchford Glass Co., supra, appeal. These papers indicate that an earlier contested motion to dismiss the appeal on the grounds that its subject was a nonappealable order, had been made and that it had been denied without written opinion by the court.
[2] It might be noted that a judgment of dismissal under section 834 is without prejudice. (Ensher v. Ensher, Alexander & Barsoom, 187 Cal. App.2d 407, 411 [9 Cal. Rptr. 732]; see also Beyerbach v. Juno Oil Co., supra, 42 Cal.2d 11, 16; Olson v. Basin Oil Co., supra, 136 Cal. App. 543, 545; 1 Ballentine & Sterling, California Corporation Laws (4th ed.) § 90.05, p. 174.)