[Civ. No. 8698.   Fourth Dist., Div. Two.   Apr. 23, 1968.]

PETER A. DRAUS, Plaintiff and Appellant, v. ALFRED M. LEWIS, INC., et al., Defendants and Respondents.

Kinkle, Rodiger, Graf, Dewberry & Spriggs and S. D. Smith for Defendants and Respondents.

KERRIGAN, J.—The plaintiff Peter A. Draus, individually, and as guardian ad litem of his 20-year-old daughter, Eileen May Draus, filed an action to recover damages as a result of an auto-tractor collision which occurred in April 1965 in the County of Orange. The complaint stated: that the plaintiff-minor was driving a model 1963 Buick owned by the plaintiff-father; that the collision occurred as a result of the defendants' negligence; that the father, in his individual capacity, was entitled to recover damages consisting of $606.50 medical expenses incurred on behalf of the minor, $100 for loss of the use of his automobile, $1,225 damages to his Buick, and $257.57 costs incurred in the investigation of the plaintiff-minor's claim. The complaint also contained an additional cause of action for recovery of $20,000 general damages for the injuries sustained by the plaintiff-minor. The plaintiff-father was not personally involved in the accident.

The defendants Alfred M. Lewis, Inc., a corporation, and the defendant Harold Elroy Frick appeared in the action. Subsequently, a pretrial order was entered wherein the defendant Alfred M. Lewis, Inc. admitted that it was the owner of the tractor involved in the collision and that the defendant-Frick was its employee and acting within the scope of his employment at the time of the collision. The pretrial order also reflects that in addition to general damages, the plaintiff-minor also claimed loss of earnings in the sum of $732.76, and that the plaintiff-father's total special damages were in the sum of $2,214.07. At the time of the pretrial conference on September 16, 1966, a trial date of October 19, 1966 was assigned.

When efforts to negotiate a settlement proved fruitless, defense counsel, on September 29, submitted an "Offer to Allow Judgment" to plaintiff Paul A. Draus and to his attorney, Peter G. Nihill, wherein the defendants offered to allow judgment to be taken against them "in favor of the plaintiff, Peter A. Draus" in the sum of $2,500. This offer was transmitted in copy form and the original apparently was retained by defense counsel. Plaintiff's attorney received the offer and on September 30 executed a written "Acceptance of the Offer to Allow Judgment," which stated that "Plaintiff Paul A. Draus, *individually,*" accepted the $2,500 settlement figure. [Italics supplied.] A copy of the acceptance was forwarded to defense counsel by mail and the original acceptance was filed with the clerk on October 3, 1966. When plaintiff's counsel learned the original offer had not been filed, he caused the copy of the offer to be filed with the court clerk.

On October 3, the defendants, through their counsel, served a "Rejection of the Acceptance of the Offer to Allow Judgment," which stated, in effect, that the plaintiff-father's acceptance of the $2,500 solely in settlement of his own claim was not agreeable, but that "the defendants . . . again hereby offer to allow judgment to be taken against them and in favor of the plaintiff, Paul A. Draus, individually, and as guardian ad litem for Eileen May Draus" for $2,500, exclusive of the property damage relating to the plaintiff-father's Buick.

On October 4, 1966, Peter G. Nihill, counsel of record for the plaintiff-father and plaintiff-minor, filed a "Notice of Motion for Withdrawal and Discharge of Attorney" in which he requested an order authorizing him to withdraw as attorney for the plaintiff, Paul A. Draus, in the latter's *representative* capacity as guardian ad litem of the minor. On October 19 the motion was granted.

When the clerk of the court declined to enter judgment in accordance with the code provision governing statutory offers and acceptances, counsel for plaintiff-father filed a "Notice of Motion to Compel Defendants to File the Original Offer to Allow Judgment and for an Order to Prepare Judgment in Accordance with Code of Civil Procedure, section 997," and scheduled the hearing for January 3, 1967. In the interim, defense counsel had negotiated a settlement with the mother of the plaintiff-minor, who had been awarded legal custody of the daughter in a divorce proceeding and who had also undertaken the role of guardian ad litem after the father's attorney, Peter G. Nihill, had been allowed to withdraw from his representation of the minor. Coincidentally, the hearing on the petition to compromise the minor's claim was scheduled for hearing on the same date set for hearing on plaintiff's motion to secure a judgment in accordance with the statute.

On the date of hearing of the petition and motion, the Honorable Samuel Dreizen approved the minor's compromise, and the Honorable Herbert S. Herlands denied the father's motion to compel the defendants to file the original offer to allow judgment and for an order to the clerk to prepare judgment. However, in the minor's compromise proceeding, Attorney Peter G. Nihill was granted the sum of $500 for services rendered the plaintiff-minor, and the father Peter A. Draus, in his capacity as former guardian ad litem, was allowed $50 for investigation fees. The balance of the $2,500 settlement was deposited in trust.

This appeal is from the trial court's minute order denying plaintiff's motion under section 997 of the Code of Civil Procedure.

The voluminous briefs before us are remarkably devoid of authority, and merely reflect the fact that a bitter, personal animosity exists between the attorneys because of their handling of their clients' interests at the superior court level. Charges and counter-charges of unethical practice and bad faith permeate the record. While emotional conflicts involving legal advocates are understandable, the heat engendered thereby has not clarified the issues.

Although not raised by the parties, the crucial question presented relates to the appealability of the order denying relief under section 997 of the Code of Civil Procedure. The statute, prior to its 1967 amendment, provided: ''The defendant may, at any time before the trial or judgment, serve upon the plaintiff an offer to allow judgment to be taken against him for the sum or property, or to the effect therein specified. If the plaintiff accepts the offer, and gives notice thereof within five days, he may file the offer, with proof of notice of acceptance, and the clerk, or the judge where there is no clerk, must thereupon enter judgment accordingly. If the notice of acceptance be not given, the offer is to be deemed withdrawn, and cannot be given in evidence upon the trial; and if the plaintiff fails to obtain a more favorable judgment, he cannot recover costs, but he must pay the defendant's costs from the time of the offer.''

The statutory law governing appeals from the superior court is contained in section 963 of the Code of Civil Procedure:

''An appeal may be taken from a superior court in the following cases:

''1. From a final judgment entered in an action, or special proceeding, commenced in a superior court, or brought into a superior court from another court;

''2. From an order granting a new trial or denying a motion for judgment notwithstanding the verdict, or granting or dissolving an injunction, or refusing to grant or dissolve an injunction, or appointing a receiver, or dissolving or refusing to dissolve an attachment, from any special order made after final judgment, from any interlocutory judgment, order, or decree, hereafter made or entered in actions to redeem real or personal property from a mortgage thereof, or a lien thereon, determining such right to redeem and directing an

accounting; and from such interlocutory judgment in actions for- partition as determines the rights and interests of the respective parties and directs partition to be made, and interlocutory decrees of divorce; . . ."

■ Since the right of appeal is wholly statutory, no judgment or order is appealable unless it is expressly made so by statute (3 Witkin, Cal. Procedure (1954), Appeal, § 19, p. 2162; *Skaff* v. *Small Claims Court*, 68 Cal.2d 76, 78 [65 Cal.Rptr. 65, 435 P.2d 825]; *Trede* v. *Superior Court*, 21 Cal.2d 630, 634 [134 P.2d 745]), which simply means that an order must come within one of the classes enumerated in the main statutes or be made appealable by a special statute. (*Title Ins. & Trust Co.* v. *California etc. Co.*, 159 Cal. 484, 486 [114 P. 838]; *Peninsula Properties Co.* v. *County of Santa Cruz*, 106 Cal.App.2d 669, 675 [235 P.2d 635].) The only exception to the foregoing rule is if the judgment or order relates to a final determination of some *collateral matter* distinct and severable from the general subject of the litigation, and if such determination requires the aggrieved party immediately to pay money, or requires the performance forthwith of an act by or against such party, he is entitled to appeal even though litigation of the main issue continues. (*Sjoberg* v. *Hastorf*, 33 Cal.2d 116, 119 [199 P.2d 668]; *Hixson* v. *Hixson*, 146 Cal.App.2d 204, 205 [303 P.2d 607].)

An order vacating a judgment entered pursuant to section 997 of the Code of Civil Procedure is an appealable order inasmuch as the code expressly provides that any special order made after final judgment is appealable. (Code Civ. Proc., §§ 963, subd. 2, 983, subd. 7; *Martin* v. *Miller*, 65 Cal. App. 581, 583 [224 P. 783].) ■ However, in the case under review, no judgment was ever entered and the appeal is directed to the court's action in refusing to order the clerk to enter judgment in accordance with the provisions of the code governing statutory offers to compromise.

In *Old Settlers Inv. Co.* v. *White*, 158 Cal. 236 [110 P. 922], the California Supreme Court considered an appeal from a stipulated judgment made under section 997. Judgment was not entered but merely recorded by the clerk. The court determined that there was no final judgment because of the clerk's failure to enter the same, but did consider the appeal on the merits. Nevertheless, where any further judicial action of the court is necessary to finally determine the rights of the parties, an order entered prior to such final determination is interlocutory only and no appeal lies from such order.

(*Maier Brewing Co.* v. *Pacific Nat. Fire Ins. Co.,* 194 Cal. App.2d 494, 498 [15 Cal.Rptr. 177]; *Shirley* v. *Cook,* 119 Cal.App.2d 220, 222 [259 P.2d 25].)

In the case under review, the plaintiff still enjoys the right to pursue the action to recover his special damages as a result of the accident in which his minor daughter was involved. Patently, he is still at liberty to secure a judgment to indemnify himself against the loss sustained in the collision. No judgment having been entered, and the order being nonappealable, this tribunal must, on its own motion, dismiss the appeal. (*Woodman* v. *Ackerman,* 249 Cal.App.2d 644, 646 [57 Cal.Rptr. 687]; *Olmstead* v. *West,* 177 Cal..App.2d 652, 654 [2 Cal.Rptr. 443]; *David* v. *Goodman,* 89 Cal.App.2d 162, 165 [200 P.2d 568].)

The appeal is dismissed.

McCabe, P. J., and Tamura, J., concurred.