Filed 3/23/26 Anne T. v. Oak CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| ANNE T., | B346741 |
| Plaintiff and Respondent, | |
| v. | (Los Angeles County Super. Ct. No. 23STRO06643) |
| EUGENE OAK, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Melanie Ochoa, Judge. Dismissed.

Eugene Oak, in pro. per., for Defendant and Appellant.

Anne T., in pro. per., for Plaintiff and Respondent.

———————————

In October 2023, the trial court granted respondent Anne T. a three-year civil harassment prevention restraining order (CHRO) against appellant Eugene Oak.[1]  Oak did not appeal from the CHRO.  Instead, Oak filed successive motions in the trial court, all of which failed, in an effort to have the court set aside or reconsider the CHRO and aspects of the prior proceedings.  The court heard one tranche of such motions on January 8, 2024, and denied them.  On March 20, 2025, the court denied a motion Oak filed to set aside at least one of the January 8, 2024 orders.  We do not know which one(s), because the record on appeal does not include any minute orders from January 8, 2024 or a transcript of the March 20, 2025 hearing.

Oak now appeals from the March 20, 2025 order.  Given the deficiencies in the record, Oak has failed to establish the existence of appellate jurisdiction to review his claims.  To the extent we can discern from the scant selection of relevant documents in the record, the March 20, 2025 order Oak seeks to appeal denied a motion to set aside what appears to be a January 2024 order denying a motion for reconsideration, which we would lack jurisdiction to review.  We therefore dismiss the appeal.

## BACKGROUND

Oak's brief is prolix and convoluted, alleging a vast conspiracy against him, and the record he supplies is substantially incomplete.  Its omissions include but are not limited to Anne T.'s request for a CHRO, the CHRO itself, the allegedly wrongful January 8, 2024 order, and the reporter's

_____

[1] We refer to Anne T. by her first name and last initial because she is a protected person in a CHRO proceeding.  (Cal. Rules of Court, rule 8.90(b)(5).)

2

transcript from the March 20, 2025 hearing where the order he seeks to appeal was denied. Our procedural summary is therefore limited.

The court's docket indicates that on October 4, 2023, Anne T. sought a temporary restraining order against Oak, which the court partially granted. According to Anne T.'s brief on appeal, Oak harassed her and other occupants of a multi-unit condominium building (the Property). His actions included "trying to gain access to the gated . . . [P]roperty, posting purported eviction notices and at one point sending a locksmith to the [Property] to try to change the locks." Oak contends he or the religious organization known as The Great Mission (of which he is senior pastor) owns the Property and, thus, Anne T. and others who reside there are trespassers.

A Los Angeles Police Department (LAPD) business card in the record indicates that on October 4, 2023 at 3:20 p.m., the LAPD provided Oak with notice of a restraining order hearing scheduled for October 26, 2023 at 8:30 a.m., in Judge Gary Eto's courtroom for case No. 23STRO06643. On appeal, Oak claims that because the case number was handwritten on the business card, he could not discern whether the certain characters were zeros or letter "O"s. He had difficulty finding the case online and contends, "It wasn't until [October 20, 2023] that . . . [he] was informed that the [Anne T.] [*sic*] and what the content of civil harassment was." Although Oak does not say so, this is still more than the default five days advance notice required for a CHRO hearing. (Code Civ. Proc., § 527.6, subd. (m)(1).)[2]

---

[2] Unspecified statutory references are to the Code of Civil Procedure.

Oak opposed the issuance of a temporary restraining order and CHRO, filing documents on October 13, 23, 24, 25, and 26, 2023, none of which is in the record. Oak does not explain how he filed a document on October 13 if he did not have adequate information about the case until October 20. According to the court's docket, at least one of these filings concerned an alleged "[l]ack" of a proof of service.

On October 26, 2023, after an evidentiary hearing, the court granted a three-year CHRO. On our own motion, we take judicial notice of the CHRO, which states that Oak was present at the hearing. (Evid. Code, § 452, subd. (d).) The record includes no transcript from this hearing. There is nothing in the record to indicate that Oak made a special appearance as opposed to a general appearance at the CHRO hearing, or that he asked for a continuance to have additional time to prepare a response as was his right under section 527.6, subdivision (o). Oak never appealed from the October 26, 2023 CHRO.

On October 31, 2023, Oak filed a motion to terminate the CHRO. In a November 13, 2023 brief filed in support of that motion, Oak argued that he did not receive adequate notice of the CHRO hearing. He further argued that court rulings in a different litigation involving title of the Property (case No. BC703900), in which Anne T. was not a party and which was pending before a different judge than the CHRO, were erroneous. Thus, Anne T. and others living at the Property were trespassers, and the "[w]rongful" CHRO should therefore "be terminated via a jury trial."

On November 28, 2023, Oak testified at the hearing on his motion to terminate. The court denied the motion. No appeal was taken from the November 28, 2023 order.

On November 30, 2023, Oak filed a motion for reconsideration of the court's November 28, 2023 order, reiterating many of the same arguments in his November 13, 2023 brief.  The matter was set for hearing on January 2, 2024.  Between November 30, 2023 and January 8, 2024, the docket shows that Oak filed approximately 40 documents, including another motion for reconsideration on January 5, 2024.  The court issued seven minute orders during that time period, including three on January 8, 2024.  None of them is in the record.

Over a year later, on February 18, 2025, Oak filed a motion to set aside an order dated January 8, 2024 pursuant to Family Code section 2122 and demanded a jury trial.  The motion did not attach the specific January 8 order at issue and did not state which motion the order concerned, describing the order only as the "[w]rongful [r]estraining [o]rder."  Oak argued that there was no proof of service for the October 4, 2023 temporary restraining order (an order that was no longer in place given the issuance of the three-year CHRO).  He further argued that the rulings in the Property litigation (case No. BC703900) were erroneous, and baselessly accused Judge Eto of failing to "diligently" review the facts and his chambers of "fabricat[ing]" documents.  In support of his arguments about the Property, Oak submitted a grant deed that he signed on December 10, 2024, and recorded on December 11, 2024 (over a year after the court had issued the CHRO).  The deed purported to reflect a transfer of the Property from The Great Mission to The Great Mission.

On March 20, 2025, the trial court held a hearing on Oak's motion, which Oak attended.  There is no reporter's transcript in the record although a court reporter was present.  The court's

5

minute order states that the court denied the motion "as to no proof of service and it is an untimely motion."

## DISCUSSION

Oak contends the March 20, 2025 order denying his motion to set aside an order dated January 8, 2024 was erroneous. As the appellant, he bears the burden of establishing reversible error. (*People v. Sorden* (2021) 65 Cal.App.5th 582, 588.) The burden of demonstrating reversible error includes the obligation to show we have jurisdiction to hear his appeal. (See *Parkford Owners for a Better Community v. County of Placer* (2020) 54 Cal.App.5th 714, 721-722; Cal. Rules of Court, rule 8.204(a)(2)(B).) It is also Oak's burden as the appellant to provide an adequate record on appeal to evaluate his claims (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609), which include his assertion that we have jurisdiction to hear those claims.

Oak has failed to carry this burden. Oak does not include the January 8, 2024 order(s) at issue or the March 20, 2025 reporter's transcript in the record. Oak's failure to do so here is not a mere technicality as the procedural history indicates that the January 8, 2024 order—and therefore the March 20, 2025 order denying the motion to set aside that order—is likely *not* appealable. We have jurisdiction over a direct appeal only where there is an appealable judgment or order. (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696.) The denial of a motion for reconsideration is not separately appealable from the judgment or order for which reconsideration is sought. (*Annette F. v. Sharon S.* (2005) 130 Cal.App.4th 1448,1459.) The denial of a motion for new trial is also not separately appealable. (*Concerned Citizens Coalition of Stockton v. City of Stockton* (2005) 128 Cal.App.4th 70, 79-80.)

6

Oak did not appeal from the CHRO, and the time for such an appeal has long since lapsed. Between November 30, 2023 and January 8, 2024, Oaks filed approximately 40 documents in the trial court, including two motions for reconsideration. On January 8, 2024, the court issued three minute orders. It appears likely that the January 8 order that was the issue of the March 20, 2025 order was a denial of a motion for reconsideration of the CHRO and of a November 28, 2023 order (which denied Oak's motion to terminate the CHRO), such that Oak has failed to establish the existence of an appealable order.[3]

" 'Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' " (*Jameson v. Desta*, *supra*, 5 Cal.5th at p. 609.) Because the record submitted by Oak does not establish the existence of

---

[3] Even if Oak's appeal was from an appealable order, his February 2025 motion to set aside an order from over a year earlier was not timely. Oak argues his motion was timely under Family Code section 2122, but that section applies only "[i]n proceedings for dissolution of marriage, for nullity of marriage, or for legal separation of the parties." (Fam. Code, § 2121, subd. (a).) He next argues his motion was timely as the CHRO was a void order, which can be set aside at any time. However, the CHRO was not void as Oak waived any objection to lack of personal jurisdiction or defective service of process by generally appearing at the October 26, 2023 hearing. (See *Air Machine Com SRL v. Superior Court* (2010) 186 Cal.App.4th 414, 423.) Further, Oak cannot demonstrate that the CHRO or the January 8, 2024 order was void as he has not provided an adequate record for this court about either of them. (*Jameson v. Desta*, *supra*, 5 Cal.5th at p. 609.)

appellate jurisdiction, we dismiss the appeal.  (*Woodman v. Ackerman* (1967) 249 Cal.App.2d 644, 646.)

## DISPOSITION

The appeal is dismissed.  Anne T. is awarded her costs on appeal.

The clerk of this court is directed to send a copy of this opinion to the State Bar of California, which has previously received a referral concerning Oak in case No. B309513, upon issuance of the remittitur.

NOT TO BE PUBLISHED

WEINGART, J.

We concur:

BENDIX, Acting P. J.

M. KIM, J.

8