Filed 12/14/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| PURVIS HOLLOWAY, | B259622 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. TC023138) |
| v. | |
| TALIA QUETEL et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, William Barry, Judge. Reversed and remanded.

Purvis Holloway, in pro. per., for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

_____

Purvis Holloway, an incarcerated and self-represented litigant, appeals from the judgment entered in favor of Talia Quetel and Antonio McDaniels after the trial court found Holloway had not provided required documentation and failed to carry his burden of proof with regard to entry of a default judgment on his complaint for unpaid rent and damages to the rental property.  Holloway contends he provided the court with all necessary documents and complied with the requirements of Code of Civil Procedure section 585, subdivisions (b) and (d), and California Rules of Court, rule 3.1800(a) for entry of a default judgment.  We reverse and remand with directions to permit Holloway to submit a new Judicial Council Forms, form CIV-100 (form CIV-100) with supporting declarations executed under penalty of perjury and a proposed form of judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

1. *Holloway's Complaint, Entry of Default, Dismissal of the Action and Our Reversal in the Prior Appeal*

A detailed history of Holloway's lawsuit, from the filing of two complaints on May 6, 2009 naming Quetel and McDaniels as defendants, through the improper dismissal of the action on May 11, 2012 for failure to file proofs of service and failure to prosecute, is contained in our opinion in Holloway's prior appeal (*Holloway v. Quetel* (June 17, 2013, B242809) [nonpub. opn.] (*Holloway I*)) and need not be repeated here. In brief, Holloway's typewritten civil complaint for damages, seeking recovery for unpaid rent and damages to the rental property, alleged Holloway owned a residential property at 16107 South Pannes Avenue, Compton, where Quetel and her boyfriend McDaniels lived since no later than January 2003; Quetel acknowledged her obligation to pay rent, but claimed she had paid Holloway's sister; Holloway's sister denied receiving any payments; and Holloway unsuccessfully demanded payment in writing ($500 per month) from Quetel prior to filing the lawsuit.  Holloway also alleged Quetel and McDaniels had destroyed various items of personal property and caused damage to the outside of the property for which they were responsible.  The complaint contained a demand for damages in the sum of $36,814, which included back rent and the cost of repair for various items of personal property.  Holloway also requested that $520.83 be

2

added for every month of occupancy by Quetel and McDaniels following the date of filing of the complaint.[1]

Holloway personally served the summons and civil complaint for damages on Quetel and McDaniels. On August 7, 2009, at Holloway's request, the clerk entered Quetel's and McDaniels's defaults for failure to respond to the complaint within 30 days of the service of summons. Holloway then made several unsuccessful attempts to obtain a default judgment; the documents he filed were rejected for various procedural defects.

On October 13, 2009 the trial court, on its own motion, issued an order to show cause re striking Holloway's complaint for failure to state a cause of action. Eventually the court struck the complaint, set aside the defaults of Quetel and McDaniels and granted Holloway leave to file an amended complaint. When Holloway was unable to serve the amended pleading after several extensions of time to do so, the court dismissed the action.[2]

On appeal we held Holloway's typewritten complaint for civil damages adequately alleged the elements of an oral or implied-in-fact contract obligating Quetel and McDaniels to pay rent for their use of the South Pannes Avenue property. Accordingly, no amended complaint should have been required; and, as a consequence, it was error to dismiss the action for failure to serve the amended complaint or for failure to prosecute the action. We reversed the order of dismissal and remanded the case to the trial court with directions "to reinstate both Holloway's original complaint, filed May 6, 2009, and

---

[1] Holloway had also filed a complaint for property damage that named Quetel and McDaniels as defendants on an optional Judicial Council form. The form complaint, which was assigned the same case number as the typewritten complaint, did not attach any of the required separate form causes of action. As we explained in *Holloway I*, the trial court properly struck the deficient (and duplicative) form pleading.

[2] We explained in *Holloway I*, "Quetel and McDaniels apparently moved from the South Pannes Avenue property; attempts to locate them to effect substituted service failed; and Holloway's lack of resources prevented him from serving them by publication."

the default entered against Quetel and McDaniels on August 7, 2009, and to conduct further proceedings not inconsistent with [our] opinion."

2. *Holloway's Efforts To Effect Entry of a Default Judgment*

Following our decision in *Holloway I*, Holloway proceeded once again to attempt to have a default judgment entered against Quetel and McDaniels. Initially, on September 30, 2013 Holloway filed a document entitled "motion for enforcement of judgment and request for sanctions for non-complaint [*sic*]." The trial court denied the motion without prejudice as premature because no judgment had yet been entered.[3] The court then set an order to show cause re dismissal for failure to prosecute for April 11, 2014, giving Holloway six months to file the documents necessary to obtain a default judgment.[4]

On November 5, 2013 Holloway submitted a motion to renew the request for default judgment that he had previously filed in August 2009 prior to the dismissal of his action.[5] That motion, which requested entry of judgment of $36,814, included a completed form CIV-100 (Request for Entry of Default/Court Judgment) and a

---

[3]     Our decision in *Holloway I* was filed June 17, 2013; the remittitur issued on October 16, 2013 and was filed in the superior court on October 29, 2013. Both Holloway's September 30, 2013 motion for enforcement of judgment and the court's October 8, 2013 order denying the motion were filed before the trial court's jurisdiction had been restored.

[4]     In *Holloway I* we indicated that setting an order to show cause in advance of the deadline for a prescribed time standard (there, the time period for filing proofs of service of the amended complaint) is improper, citing language in California Rules of Court, rule 2.30(c) that requires a court issuing an order to show cause to "state the applicable rule that has been violated" and to "describe the specific conduct that appears to have violated the rule." Notwithstanding that caution, the trial court (albeit a different judge) once again utilized this disfavored case management technique.

[5]     The August 2009 motion for default judgment is included in a supplemental clerk's transcript that is part of the record on appeal in *Holloway I*. On our own motion we incorporate by reference that portion of the record in *Holloway I*. (See Cal. Rules of Court, rule 8.147(b)(1).)

4

declaration by Holloway, signed under penalty of perjury on August 27, 2009. The declaration, however, focused on Holloway's service of the summons and complaint and the defendants' failure to answer and did not provide any detail or evidentiary support for his demand for $36,814 in damages. This motion was apparently denied at or about the time it was filed although the record on appeal does not contain a copy of the court's order.

Holloway attempted to file a new motion for default judgment on March 14, 2014. The attached form CIV-100 identified as evidentiary support "plaintiff declaration filed May 6, 2009"—apparently a reference to the "declaration . . . in support of his civil complaint" contained within the body of Holloway's initial May 6, 2009 typewritten complaint. This portion of the complaint sets forth the factual basis for Holloway's claims against Quetel and McDaniels, including his damage calculations, and states, "I am the plaintiff in this action[.] [A]ll facts alleged in this document not otherwise supported by citations to the record, exhibits, or other documents, are true of my own personal knowledge." However, neither the pleading itself nor the declaration pages were signed under penalty of perjury. The March 14, 2014 motion was originally marked "received" by the court, rather than "filed"; and the "received" stamp was then marked "canceled." However, an April 11, 2014 minute order indicates "the March 14, 2014 motion packet" was reviewed by the court on that date, and a subsequent April 11, 2014 minute order states, "Plaintiff's May 6, 2009 declaration is not in proper form and will not be used for the default judgment." A new order to show cause was set for June 13, 2014 to give Holloway an additional 60 days to file default judgment papers that complied with Code of Civil Procedure section 585 and California Rules of Court, rule 3.1800.

The next motion for default judgment was received by the court on April 28, 2014. It contained a new form CIV-100, but was rejected with an explanatory form on June 9, 2014 because the name of one of the defendants did not match the complaint (Antonio McDaniels's first name was misspelled "Antonil"), Judicial Council form JUD-100

5

(Judgment) had not been submitted and no declarations were provided that complied with the requirements of Code of Civil Procedure section 585, subdivision (d). On June 13, 2014 the order to show cause was continued to September 12, 2014, and the court stated no further continuances would be allowed.

Yet another motion for default judgment was filed on July 14, 2014 and apparently refiled on July 28, 2014. The papers included Holloway's "affidavit" stating "all facts not supported by the record, exhibits are true of plaintiff's own personal knowledge; Also supported by the facts in [*Holloway I*]." A form CIV-100 was attached. The document was neither sworn nor executed under penalty of perjury. On September 12, 2014 the court ruled none of the papers filed by Holloway as of that date complied with applicable statutes and rules of court and the truth of the material referred to in the documents identified by Holloway could not be judicially noticed. Rather than enter judgment in favor of defendants, however, the court gave Holloway "one last chance to comply," setting October 14, 2014 as the next hearing date. The court cautioned, if Holloway failed to file the necessary papers or did not provide persuasive evidence in support of his claims, the court might enter judgment against him at that time. On October 3, 2014 Holloway filed a notice of appeal from the court's September 12, 2014 order.

On October 14, 2014 the court entered a new order. The court first explained the notice of appeal was "immaterial" because the September 12, 2014 order was not a judgment or otherwise appealable; it simply gave Holloway another opportunity to submit the required documentation for his default judgment.[6] The court then noted that

---

[6]     An appeal from a nonappealable order does not divest the trial court of jurisdiction. (*Maxwell v. Superior Court* (1934) 1 Cal.2d 294, 297; *Hopkins & Carley v. Gens* (2011) 200 Cal.App.4th 1401, 1409, fn. 4; *Pazderka v. Caballeros Dimas Alang, Inc.* (1998) 62 Cal.App.4th 658, 666.) Holloway's contention the September 12, 2014 order was immediately appealable, notwithstanding his acknowledgement it was an "intermediate ruling, proceeding, order or decision," is simply incorrect. That order, which, as the court explained, continued the order to show cause hearing to allow more time for Holloway to file the required default judgment papers, is reviewable under Code

6

Holloway had not filed any new documents and found that waiting longer for Holloway to provide his evidence would be futile. Accordingly, the court ruled Holloway had failed to meet his burden of proof and directed that judgment be entered in favor of defendants Quetel and McDaniels on the May 6, 2009 complaint. Alternatively (and somewhat inconsistently), the court ordered the case dismissed without prejudice for failure to prosecute.

## DISCUSSION

### 1. *Requirements for Entry of a Default Judgment*

Code of Civil Procedure section 585 sets forth two methods for obtaining a default judgment. First, when the complaint seeks compensatory damages only, in a sum certain that is readily ascertainable from the allegations of the complaint or statement of damages, the clerk may enter the default judgment for that amount. (Code Civ. Proc., § 585, subd. (a).) However, a clerk's judgment is appropriate only in cases where the determination of damages is a purely ministerial act, that is, where there is "some definite, fixed amount of damages or where such may be ascertained by computation made by the clerk. If evidence must be taken to establish the amount due . . . , the clerk may not render judgment." (*Ford v. Superior Court* (1973) 34 Cal.App.3d 338, 342; accord, *Kim v. Westmoore Partners, Inc.* (2011) 201 Cal.App.4th 267, 287.)

Second, if the complaint seeks nonmonetary relief or monetary relief in amounts that require additional evidence or the exercise of judgment to determine, the plaintiff must request entry of judgment by the court. (Code Civ. Proc., § 585, subd. (b).) In those cases the plaintiff must affirmatively establish his or her entitlement to the specific judgment requested: "The court shall hear the evidence offered by the plaintiff, and shall render judgment in the plaintiff's favor for that relief, not exceeding the amount stated in the complaint, in the statement required by [Code of Civil Procedure] [s]ection 425.11, or in the statement provided for by [Code of Civil Procedure] [s]ection 425.115, as appears

of Civil Procedure section 906 only as part of the appeal from the judgment entered on October 14, 2014.

7

by the evidence to be just. . . ." (*Ibid.*) Code of Civil Procedure section 585, subdivision (d), authorizes the court to "permit the use of affidavits, in lieu of personal testimony, as to all or any part of the evidence or proof required or permitted to be offered, received, or heard in those cases," but specifically requires that "[t]he facts stated in the affidavit or affidavits shall be within the personal knowledge of the affiant and shall be set forth with particularity, and each affidavit shall show affirmatively that the affiant, if sworn as a witness, can testify competently thereto."

A party seeking a default judgment on declarations must use mandatory form CIV-100. (Cal. Rules of Court, rule 3.1800(a).) The documents filed with the clerk must include "[d]eclarations or other admissible evidence in support of the judgment requested" (Cal. Rules of Court, rule 3.1800(a)(2)) and a proposed form of judgment (Cal. Rules of Court, rule 3.1800(a)(6)).

Los Angeles Superior Court Local Rule 3.201(a) states that determination of applications for default judgment on declarations is the preferred procedure. That rule also cautions that "[d]eclarations must comply with Code of Civil Procedure section 2015.5," which specifies the required format for a declaration under penalty of perjury to be used in lieu of a sworn statement or affidavit.

2. *Holloway Failed To Submit the Documents Required for Entry of a Default Judgment*

Despite repeated attempts, Holloway failed to submit all the documents necessary for the court to enter a default judgment in his favor against Quetel and McDaniels. He did complete and file the mandatory form CIV-100 and corrected the minor typographical error in McDaniels's first name that appeared in one of the early iterations of that form. However, he never prepared and filed a declaration under penalty of perjury that set forth the elements of his contract claim—specifically, detailed information concerning Quetel and McDaniels's occupancy of the South Pannes Avenue property, their agreement to pay rent or acknowledgement of their obligation to do so, the amount of monthly rent and the period of their occupancy. (To the extent McDaniels believed it appropriate to refute any contention payment had been made to his sister, a separate declaration under penalty

8

of perjury from her was also necessary.)  Similarly, no declaration under penalty of perjury was submitted that listed the items of personal property that had been damaged and explained how loss in value or cost of repair was calculated.  In addition, Holloway never submitted a proposed form of judgment, either on optional form JUD-100 or otherwise.  Accordingly, the trial court did not err in refusing to enter the default judgment.  (See *Kim v. Westmoore Partners, Inc., supra*, 201 Cal.App.4th at p. 288 ["'[p]laintiffs in a default judgment proceeding must prove they are entitled to the damages claimed'"].)[7]

> 3. *The Cause Is Properly Returned to the Trial Court To Permit Holloway To File a Request for Entry of a Default Judgment Based on an Accurate Statement of the Required Documentation*

A trial judge presiding over a case initiated by an incarcerated and self-represented plaintiff, particularly when there has been no appearance by any defendant, faces a significant challenge in balancing his or her obligations to facilitate the ability of the self-represented litigant to be fairly heard, on the one hand, and to refrain from assuming the role of advocate, on the other.  Canon 3B(8) of the California Code of Judicial Ethics requires a judge to "dispose of all judicial matters fairly, promptly, and efficiently" and to "manage the courtroom in a manner that provides all litigants the opportunity to have their matters fairly adjudicated in accordance with the law."  The Advisory Committee Commentary to this canon provides, in part, "The obligation of a judge to dispose of

---

[7] In addition to incorrectly arguing he had submitted all required papers in proper form for entry of a default judgment, Holloway asserts this court erred when it denied a petition to enforce judgment in November 2013 and a separate petition for writ of mandate in February 2014.  Neither order is properly before us in this appeal from the trial court's judgment entered October 14, 2014.

Holloway also contends, citing to Code of Civil Procedure section 1029, that sanctions in the form of costs should be awarded against the superior court for issuing erroneous orders, apparently referring not only to the order we reversed in *Holloway I* but also to the orders he challenges in the instant appeal.  That provision, however, concerns awards of costs against public agencies when they are parties to the litigation.  Neither it, nor any other statute, authorizes the type of sanctions or award of costs sought by Holloway.

9

matters promptly and efficiently must not take precedence over the judge's obligation to dispose of the matters fairly and with patience.  For example, when a litigant is self-represented, a judge has the discretion to take reasonable steps, appropriate under the circumstance and consistent with the law and the canons, to enable the litigant to be heard."  (See also ABA Model Code of Jud. Conduct, canon 2, rule 2.2, comment 4 ["[i]t is not a violation of this Rule [regarding impartiality and fairness] for a judge to make reasonable accommodations to ensure pro se litigants the opportunity to have their matters fairly heard"].)  The canons and commentary thus provide a path to ensure a self-represented litigant can be fairly heard on the merits while the court maintains its impartiality and does not assume (or appear to assume) the role of advocate or partisan.  (See Cal. Code Jud. Ethics, canon 3 ["a judge shall perform the duties of judicial office impartially, competently, and diligently"].)

That difficult balance was not maintained in this case.  From the record it is apparent Holloway understood some of the requirements for entry of a default judgment (use of mandatory form CIV-100) but not others (a detailed declaration containing the factual basis for his claims and an explanation of the calculation of the damages sought, based on personal knowledge and signed under penalty of perjury, and presentation of a proposed form of judgment).  Rather than clearly identifying the defects or omissions in the moving party's papers, as is routinely done in tentative rulings in cases where the parties are represented by counsel, however, the notices and orders sent to Holloway when his papers were rejected only obliquely or, in one repeated instance, incorrectly notified him of his errors.  Thus, the court cited Code of Civil Procedure section 585, subdivision (d), and California Rules of Court, rule 3.1800, and stated the declarations submitted at various times were "not in proper form," but did not cite rule 3.201 of the Los Angeles Superior Court Local Rules regarding use of declarations when requesting a default judgment or Code of Civil Procedure section 2015.5 concerning the required

10

format for a declaration under penalty of perjury,[8] let alone actually specify the nature of the deficiencies in the documents Holloway had submitted in an effort to comply with the declaration requirement.

Even more troublesome, the court noted in response to several filings that Holloway had not submitted Judicial Council form JUD-100, an optional form, which the court incorrectly stated was essential for entry of a default judgment. Compounding the error, the court's September 12, 2014 order indicated its local rule 3.213 required use of form JUD-100. In fact, that rule does not refer to form JUD-100 and specifies only that "Judicial Council judgment forms must be used whenever required." (Super. Ct. L.A. County, Local Rules, rule 3.213(b), Form of Judgment.) Far from prompting Holloway to submit either form JUD-100 or some other form of proposed judgment as required by rule 3.1800(a)(6) of the California Rules of Court, these misstatements led to further filings in which Holloway argued form JUD-100 is not a mandatory form and a local court rule could not require use of an optional Judicial Council form.

The court here was certainly patient with Holloway, giving him multiple opportunities to prepare and file the necessary papers for entry of his default judgment against Quetel and McDaniels. And because he was incarcerated, the court could not suggest that Holloway visit one of the self-help centers located at the courthouse. But the court appears not to have recognized its discretion to give neutral (and accurate) guidance to Holloway about the requirements for entry of a default judgment—"reasonable steps, appropriate under the circumstances, . . . to enable the litigant to be heard." (Cf. *Austin v. Valverde* (2012) 211 Cal.App.4th 546, 550 ["[f]ailure to exercise discretion is itself an abuse of discretion"].) Doing so would have served the interests of justice as well as conserving the resources of the court and its personnel. Accordingly, we reverse the judgment and remand with directions to give Holloway a reasonable period of time attempt to file the request for entry of default with the required form CIV-100; a new

---

[8] The court finally did cite Code of Civil Procedure section 2015.5 in its order of October 14, 2014 entering judgment against Holloway.

11

declaration containing the necessary detail for his claims, based on personal knowledge and executed under penalty of perjury as required by Code of Civil Procedure section 2015.5; and a proposed form of judgment as required by California Rules of Court, rule 3.1800(a)(6), either on optional Judicial Council form JUD-100 or some other, appropriate form prepared by Holloway himself.

## DISPOSITION

The judgment is reversed, and the cause remanded with directions to permit Holloway to submit a new form CIV-100 with supporting declarations executed under penalty of perjury and a proposed form of judgment.  There is no award of costs on appeal.


PERLUSS, P. J.


We concur:



ZELON, J.



SEGAL, J.