Filed 12/29/20  Rosas v. Kensington Caterers CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ROSA ROSAS et al., | B299784 |
| Plaintiffs, | (Los Angeles County Super. Ct. No. BC507797) |
| v. | |
| KENSINGTON CATERERS, INC., et al., | |
| Defendants and Respondents; | |
| WILLIE McMULLEN, | |
| Claimant and Appellant. | |

PURPORTED APPEAL from an order of the Superior Court of Los Angeles County, Mel Red Recana, Judge. Dismissed.

Willie McMullen, in pro. per., for Claimant and Appellant.

Law Offices of Cruz & Del Valle, Leonard G. Cruz and Sonia H. Del Valle for Defendants and Respondents Kensington Caterers, Inc. and Richard Mooney.

———————————

Claimant and appellant Willie McMullen (McMullen) purports to appeal a postjudgment order denying his motion under Code of Civil Procedure section 473, subdivision (d), to vacate a 2015 order that relieved defendants and respondents Kensington Caterers, Inc. (Kensington) and Richard Mooney (Mooney) (sometimes collectively referred to as Kensington) of defaults and default judgments that had been entered against them.[1]

We conclude the appeal must be dismissed because the July 30, 2019 order which is the subject of this appeal is not appealable as a postjudgment order. (§ 904.1, subd. (a)(2).) Further, even if we were to reach the merits of McMullen's appeal, we would affirm the trial court's order denying McMullen's motion to vacate the 2015 order, as that order is not void.

**FACTUAL AND PROCEDURAL BACKGROUND**

1. *Plaintiffs obtain default judgments and assign them to McMullen for collection.*

On May 3, 2013, Rosa Rosas and Julio Casas (Plaintiffs) (not parties to this appeal) filed an employment action against Kensington and Mooney. On March 19, 2015, each of the

---

[1]     All unspecified statutory references are to the Code of Civil Procedure.

2

Plaintiffs obtained a default judgment of $250,585 against both Kensington and Mooney.  On March 26, 2015, Plaintiffs executed written assignments of their default judgments, for purposes of collection, to McMullen, doing business as Strategic Collections.  On July 22, 2015, pursuant to a writ of execution, McMullen levied on $293,896.07 in accounts belonging to Kensington.

2.  *Kensington successfully moves to vacate the default judgments; the order granting Kensington's motion to vacate is affirmed on appeal.*

On September 4, 2015, Kensington and Mooney filed an ex parte application for an order shortening time and a motion to vacate the defaults and default judgments, contending, inter alia, the court lacked jurisdiction because the judgments were procured by a false affidavit of service, and due process was violated because the judgments exceeded the amount demanded in the complaint.

On September 4, 2015, and September 25, 2015, respectively, McMullen filed opposition to Kensington's ex parte application and its motion to vacate, although McMullen had not been involved in securing the entries of default or default judgments.[2]

On October 7, 2015, McMullen assigned all of his rights, title and interest in the judgments back to Plaintiffs.

After repeated continuances of the hearing, on November 24, 2015 the court granted Kensington's motion on all grounds asserted in the moving papers, and deemed the proposed answer filed and served.  On November 30, 2015, Kensington's counsel

---

[2]     The court denied the application for an order shortening time and directed Kensington to bring the matter as a regularly noticed motion.

3

gave McMullen notice of the trial court's ruling and demanded immediate return of the seized funds.

On December 18, 2015, the trial court entered a formal order vacating the defaults and default judgments, and recalling the writ of execution.

On March 2, 2016, the trial court granted a motion by Kensington for an order compelling Plaintiffs, their counsel, and McMullen to return the seized funds. McMullen was served with notice of the ruling that same day.

Plaintiffs appealed. In an unpublished opinion, this court affirmed the December 18, 2015 order granting Kensington's motion to vacate. (*Rosas v. Kensington Caterers Inc.* (Apr. 14, 2017, B270721) [nonpub. opn.] (*Rosas I*).) We concluded, inter alia, "the trial court found that [Kensington and Mooney] were not served with the summons and complaint, and we defer to the trial court's determination as to credibility."

3. *McMullen's first motion to vacate.*

On August 24, 2017, McMullen filed a motion to vacate as void the March 2, 2016 restitution order, an April 5, 2016 order granting Kensington leave to file a cross-complaint against McMullen, and the summons on the cross-complaint issued on April 19, 2016. McMullen argued that the trial court lacked personal jurisdiction over him because he was not a party to the action and had not been served with a summons or complaint. McMullen also argued that the trial court lacked subject matter jurisdiction when it granted Kensington leave to file a cross-complaint against him because jurisdiction was vested in the appellate court, due to the pendency of *Rosas I*, at the time the trial court granted Kensington leave to file a cross-complaint.

4

On September 29, 2017, the trial court denied McMullen's motion to vacate, and subsequently denied a motion for reconsideration of that order.

4. *The decision on the prior appeal, which rejected McMullen's arguments that the trial court lacked personal jurisdiction and subject matter jurisdiction.*

McMullen appealed the September 29, 2017 order denying his motion to vacate the March 2, 2016 restitution order. McMullen contended the trial court never acquired personal jurisdiction over him and therefore could not order him to return the funds to Kensington and Mooney. He also contended that during the pendency of the previous appeal by Plaintiffs, *Rosas I*, the trial court was divested of subject matter jurisdiction and therefore had no authority to grant leave to Kensington and Mooney to file a cross-complaint against him.

In another unpublished opinion, this court affirmed the order denying McMullen's motion to vacate. (*Rosas v. Kensington Caterers Inc. et al.* (Mar. 26, 2019, B286505) [nonpub. opn.] (*McMullen I*).) This court rejected McMullen's contention that the trial court lacked personal jurisdiction over him on March 2, 2016, when it entered the order requiring him to return the funds he had seized from Kensington's accounts. We stated: "McMullen, who had not been named as a party, made a general appearance in September 2015 when he began participating in the action by filing opposition to Kensington's and Mooney's motion to set aside the default judgments. In doing so, McMullen recognized the authority of the court to proceed and thereby waived any objection based on lack of personal jurisdiction. Because McMullen had submitted to the trial court's jurisdiction, the court had jurisdiction to enter the March 2, 2016 order

5

directing him to return the funds to Kensington and Mooney. Accordingly, McMullen's motion to vacate the March 2, 2016 order, which was predicated on the trial court's alleged lack of personal jurisdiction over him, was meritless and properly was denied."

We also rejected McMullen's contention that the trial court was divested of subject matter jurisdiction during the pendency of Plaintiffs' appeal in *Rosas I*. We explained: "Only a valid notice of appeal divests the trial court of jurisdiction. (*People v. Perez* (1979) 23 Cal.3d 545, 554.) Conversely, '[a]n appeal from a nonappealable order does not divest the trial court of jurisdiction. [Citations.]' (*Holloway v. Quetel* (2015) 242 Cal.App.4th 1425, 1431, fn. 6.) . . . [T]his court held in *Rosas I* that because [Plaintiffs'] notice of appeal improperly specified the nonappealable February 9, 2016 order denying reconsideration, rather than the underlying order vacating the default judgments, [Plaintiffs] failed to perfect an appeal from the order granting Kensington's and Mooney's motion to vacate. This court further held that [Plaintiffs] lacked standing to appeal the March 2, 2016 order directing their counsel to return seized funds to Kensington and Mooney. Because [Plaintiffs] had failed to bring a proper appeal, the pendency of *Rosas I* did not divest the trial court of jurisdiction. [¶]] Additionally, McMullen was not a party to [Plaintiffs'] appeal in *Rosas I*. Therefore, the pendency of *Rosas I* did not divest the trial court of jurisdiction to allow the filing of the cross-complaint against McMullen. (See *LAOSD Asbestos Cases* (2018) 28 Cal.App.5th 862, 876 [the pendency of an appeal 'does not remove the trial court's jurisdiction to conduct litigation of claims outside the scope of that judgment, that is, involving other parties'].)"

Therefore, we concluded there was no merit to McMullen's contention that the trial court erred in refusing to vacate the March 2, 2016 restitution order and the order allowing Kensington to proceed with the cross-complaint against McMullen.

The remittitur in *McMullen I* issued on May 30, 2019.

5. *McMullen's second motion to vacate.*

Less than three weeks after the issuance of the remittitur, McMullen filed another motion in the trial court "to vacate void order[s]." The trial court's order denying this motion is the subject of the instant appeal.

McMullen's second motion to vacate, brought pursuant to section 473, subdivision (d), sought to vacate as void the following orders: (1) an order entered on November 17, 2015 (an order continuing the hearing on Kensington's motion to set aside the default judgments to November 24, 2015); (2) an order entered on November 24, 2015 (the minute order granting Kensington's motion to vacate the default judgments and deeming its proposed answer to have been filed and served); and (3) an order entered on December 18, 2015 (the formal order setting aside the entries of default and default judgments and recalling the writ of execution).

McMullen moved to vacate the above orders as void on the following grounds: (1) failure to comply with the court's October 2015 order to give him notice of the November 17, 2015 hearing; (2) failure to give him notice of the hearing being continued to November 24, 2015; (3) failure to comply with the court's November 24, 2015 order by not serving him with notice of ruling and with the proposed order; and (4) failure to comply with

7

California Rules of Court, rule 3.1312, regarding service of the proposed order.

In opposition, Kensington argued, inter alia: the December 18, 2015 order vacating the defaults and default judgments was final and nonreviewable; McMullen lacked standing to challenge the order vacating the defaults and default judgments because he assigned his rights in the judgments back to Plaintiffs on October 7, 2015; and the appellate court, in *McMullen I*, already had rejected McMullen's contentions that the trial court lacked jurisdiction to enter the challenged orders.

On July 30, 2019, after hearing the matter, the trial court denied McMullen's second motion to vacate the allegedly void orders, stating: In *McMullen I* "the Court of Appeal affirmed the court's finding that it has jurisdiction over McMullen. 'Because McMullen had submitted to the trial court's jurisdiction, the court had jurisdiction to enter the March 2, 2016 order directing him to return the funds to Kensington and Mooney. Accordingly, McMullen's motion to vacate the March 2, 2016 order, which was predicated on the trial court's alleged lacked of personal jurisdiction over him, was meritless and properly denied.' . . . . Thus, McMullen fails to establish that the court's orders at issue are void for lack of jurisdiction or an absence of power to hear or determine the case.

"As to McMullen's argument that the court's orders are void because the court acted in excess of its jurisdiction when [Kensington] failed to provide proper notice to McMullen, the court finds this argument is without merit. [W]hen a court acts in excess of jurisdiction, an ensuing judgment or order is merely voidable, not void. (*Lee* [*v. An* (2008)] 168 Cal.App.4th [558,] 565 [(*Lee*)] ['A court can lack fundamental authority over the subject

8

matter, question presented, or party, making its judgment void, or it can merely act in excess of its jurisdiction or defined power, rendering the judgment voidable.'].)  Here, McMullen fails to cite any authority establishing [Kensington's] alleged failure to provide notice of the matters discussed above rendered the court's orders void, not merely voidable.  The case law on point suggests otherwise, as the Court in *Lee* held that '[w]here . . . the court has jurisdiction over the party and the questions presented, but acts in excess of its defined power, the judgment is voidable, not void.' (*Id.* at 566.)

"Here, even assuming *arguendo*, that [Kensington] failed to provide proper notice of the matter[s] discussed above, such errors at most would render the court's orders voidable, not void. (See *Lee*, *supra*, 168 Cal.App.4th at 565 ['In this case, the court had fundamental jurisdiction over the parties and the subject matter, but acted in excess of its jurisdiction by imposing terminating sanctions without adequate prior notice.'].)  As such, McMullen had to move to set aside the orders within the six-month limitations period of CCP § 473.  (See *id.* at 563 ['As we explain, the judgment in this case was not void, but voidable, and thus not subject to being set aside beyond the six-month time limit of section 473.'].)  McMullen's instant motion is almost four years after the court's orders, which is well beyond the CCP § 473(b) six-month limitations period, and McMullen does not show that he ever acted with reasonable diligence to set aside the orders."

On August 7, 2019, McMullen filed a notice of appeal from the July 30, 2019 order denying his second motion to vacate.

9

## CONTENTIONS

McMullen contends:  the trial court's ruling should be reviewed de novo; the trial court erred in stating his contentions in its order denying his motion to vacate; if the trial court's orders are voidable, he properly acted within the six-month limitations period of section 473, subdivision (b); the November and December 2015 orders are void due to lack of jurisdiction and denial of due process; and Kensington's counsel misled the trial court at the November 24, 2015 hearing as to whether McMullen had been given notice of the hearing.

Kensington, in turn, urges affirmance of the July 30, 2019 order denying the second motion to vacate.  Alternatively, Kensington argues that the appeal should be dismissed because it is frivolous, and because McMullen's refusal to comply with the March 2, 2016 restitution order warrants dismissal of the appeal under the disentitlement doctrine.

## DISCUSSION

1. *Appealability; the July 30, 2019 order that is the subject of the appeal is not appealable as a postjudgment order.*

McMullen's notice of appeal specified that the appeal is taken from the order entered on July 30, 2019.  That order denied McMullen's motion to vacate the December 18, 2015 order that granted a motion by Kensington and Mooney to vacate defaults and default judgments that had been entered against them, to recall the writ of execution, and to deem their proposed answer to have been served and filed.

The right to appeal is wholly statutory.  (*Dana Point Safe Harbor Collective v. Superior Court* (2010) 51 Cal.4th 1, 5.) McMullen's Civil Case Information Statement asserts the July 30, 2019 order is appealable as an order after judgment.  (Code

10

Civ. Proc., § 904.1, subd. (a)(2).) Thus, the threshold issue before us is whether the July 30, 2019 order is appealable on that basis.[3]

"Under section 904.1, subdivision (a)(2), an appeal may be taken from an order made after an appealable judgment." (*SCC Acquisitions, Inc. v. Superior Court* (2015) 243 Cal.App.4th 741, 748; see generally, Eisenberg et al., Cal. Prac. Guide:  Civil Appeals & Writs (The Rutter Group 2020) ¶] 2:150 et seq. [on appeal from postjudgment order the underlying judgment must be appealable under Code Civ. Proc. § 904.1, subd. (a)(1)].)

Here, however, there is no underlying appealable judgment.  Preceding the July 30, 2019 order is the December 18, 2015 order that relieved Kensington and Mooney of the defaults and default judgments and allowed them to defend against the lawsuit that had been brought by Plaintiffs.  The effect of the December 18, 2015 order "is to create a situation where no judgment is deemed to have been entered." (*Apex LLC v. Korusfood.com* (2013) 222 Cal.App.4th 1010, 1015.)

Therefore, the July 30, 2019 order denying McMullen's motion to vacate the December 18, 2015 order that relieved Kensington and Mooney of the defaults and default judgments is not directly appealable under Code of Civil Procedure section 904.1, subdivision (a)(2), as "an order made after a judgment made appealable by paragraph (1)."

---

[3]     This court requested supplemental letter briefs on the issue of appealability (Gov. Code, § 68081), and has read and considered the parties' submissions.

11

Because the appeal was taken from a nonappealable order, it must be dismissed.[4]

2. *Trial court properly denied McMullen's second motion to vacate.*

Even if we were to reach the merits of McMullen's appeal, we would affirm the trial court's July 30, 2019 order denying McMullen's second motion to vacate that he brought pursuant to section 473, subdivision (d) because the underlying December 18, 2015 order that relieved Kensington and Mooney of the defaults and default judgments is not void.

a. *Limitations on setting aside a judgment under section 473, subdivision (d); standard of appellate review.*

"Section 473, subdivision (d), provides a trial court 'may, on motion of either party after notice to the other party, set aside any void judgment or order.' '[I]nclusion of the word "may" in the language of section 473, subdivision (d) makes it clear that a trial court retains discretion to grant or deny a motion to set aside a void judgment [or order].' (*Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488, 495 [(*Cruz*)].) *However, the trial court 'has no statutory power under section 473, subdivision (d) to set aside a judgment [or order] that is not void . . . .' (Id.* at pp. 495–496.) Thus, the reviewing court 'generally faces two separate determinations when considering an appeal based on section 473, subdivision (d): whether the order or judgment is void and, if so,

---

[4]     In his supplemental letter brief on the issue of appealability, McMullen acknowledges, "[i]f upon review, the court finds that the December 18, 2015 order is valid, then the July [30], 2019 order is not directly appealable under section 904.1."

12

whether the trial court properly exercised its discretion in setting it aside.' (*Nixon Peabody LLP v. Superior Court* (2014) 230 Cal.App.4th 818, 822.) *The trial court's determination whether an order is void is reviewed de novo*; its decision whether to set aside a void order is reviewed for abuse of discretion. (*Ibid.*; see also *Cruz*, at p. 496.)" (*Pittman v. Beck Park Apartments Ltd.* (2018) 20 Cal.App.5th 1009, 1020, italics added.)

A judgment is void if the court " 'lack[s] fundamental authority over the subject matter, question presented, or party.' " (*Lee*, *supra*, 168 Cal.App.4th at p. 565, quoting *In re Marriage of Goddard* (2004) 33 Cal.4th 49, 56; accord, *People v. North River Insurance Co.* (2020) 48 Cal.App.5th 226, 233 [a judgment is void only when the court entering that judgment lacked jurisdiction in a fundamental sense due to the entire absence of power to hear or determine the case resulting from the absence of authority over the subject matter or the parties].) When the trial court "has jurisdiction over the party and the questions presented, but acts in excess of its defined power, the judgment is [merely] voidable, not void. (*In re Marriage of Goddard*, *supra*, 33 Cal.4th [at p.] 56.)" (*Lee*, *supra*, 168 Cal.App.4th at p. 566.) When a judgment is merely voidable, a party is not entitled to relief under section 473, subdivision (d). (*Lee*, at p. 566.)

13

b. *The December 18, 2015 order that relieved Kensington and Mooney of the default judgments is not void and therefore is not subject to being set aside under section 473, subdivision (d).*

The December 18, 2015 order that relieved Kensington and Mooney of the default judgments is not void for lack of subject matter jurisdiction or personal jurisdiction, and therefore cannot be set aside under section 473, subdivision (d).

*Subject matter jurisdiction.* There is no question that the superior court had jurisdiction over the subject matter of this civil action. Further, the superior court was not divested of its jurisdiction on December 18, 2015 because, inter alia, Plaintiffs did not file a notice of appeal in *Rosas I* until March 4, 2016. Thus, the superior court had subject matter jurisdiction to enter the December 18, 2015 order.

*Personal jurisdiction.* In *McMullen I*, which is law of the case (*Kowis v. Howard* (1992) 3 Cal.4th 888, 892-893), this court stated: "McMullen, who had not been named as a party, made a general appearance in September 2015 when he began participating in the action by filing opposition to Kensington's and Mooney's motion to set aside the default judgments. In doing so, McMullen recognized the authority of the court to proceed and thereby waived any objection based on lack of personal jurisdiction." Thus, it is established that the trial court had personal jurisdiction over McMullen on December 18, 2015, when it granted the motion by Kensington and Mooney to be relieved of the default judgments.

Accordingly, the December 18, 2015 order could not be set aside as void pursuant to section 473, subdivision (d).

14

c. *The alleged defects raised by McMullen at most would render the December 18, 2015 order voidable, not void, and therefore not subject to being vacated under section 473, subdivision (d).*

As noted, McMullen's second motion to vacate raised a number of procedural issues. McMullen contended Kensington failed to give him notice of the November 17, 2015 hearing, failed to give him notice of that hearing being continued to November 24, 2015, failed to comply with the court's November 24, 2015 order that directed McMullen to be served with notice of ruling and with the proposed order, and failed to comply with California Rules of Court, rule 3.1312, regarding service of the proposed order.

As the trial court ruled, even assuming that Kensington failed to give proper notice of the matters discussed above—a conclusion that we do not reach—such errors at most would render the December 18, 2015 order voidable, not void.

*Lee* is on point. There, the trial court "had fundamental jurisdiction over the parties and the subject matter, but acted in excess of its jurisdiction by imposing terminating sanctions without adequate prior notice. The resulting default and default judgment were thus voidable, not void." (*Lee, supra*, 168 Cal.App.4th at p. 565.) Where a judgment or order is merely voidable, rather than void, it is *not* subject to being set aside beyond the six-month time limit of section 473, subdivision (b). (*Lee*, at p. 563.)

Here, McMullen's second motion to vacate, filed on June 17, 2019, was brought three and a half years after the December 18, 2015 order that relieved Kensington and Mooney of the default judgments. Because the December 18, 2015 order was at most

15

voidable, not void, McMullen was required to bring any motion to vacate that order within the initial six month period. (§ 473, subd. (b).) Thus, the trial court properly denied McMullen's June 17, 2019 motion to vacate the December 18, 2015 order, as it had no statutory power to grant the motion. (*Cruz, supra,* 146 Cal.App.4th at pp. 495-496 [trial court has no statutory power under § 473, subd. (d) to set aside a judgment or order that is not void].)

## DISPOSITION

The purported appeal from the July 30, 2019 order is dismissed.  Respondents shall recover their appellate costs.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

LAVIN, J.

DHANIDINA, J.

17