Filed 9/27/21  Carter v. County of San Bernardino CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| JERMAINE CORNELIUS CARTER, | |
| Plaintiff and Appellant, | E075560 |
| v. | (Super.Ct.No. CIVDS1716566) |
| COUNTY OF SAN BERNARDINO et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of San Bernardino County.  Gilbert G. Ochoa, Judge.  Affirmed.

Jermaine Cornelius Carter, Plaintiff and Appellant in pro. per.

Burke, Williams & Sorensen, Nathan A. Oyster and Brian S. Ginter for Defendant and Respondent City of Rialto.

1

Michelle D. Blakemore, County Counsel and Laura L. Crane, Deputy County Counsel for Defendant and Respondent County of San Bernardino.

Jermain Carter is an inmate who filed a civil suit in 2017 against the County of San Bernardino (County), City of Rialto (City), Rialto Police Department, two named police detectives, and his trial level criminal defense attorney for violating his civil rights. The action arises from an order granting his Penal Code section 1118.1 motion for acquittal of attempted murder, one of the counts of which he stood trial in 1994. Although the attempted murder count was dismissed, he was convicted of two counts of murder, and four counts of robbery, resulting in a sentence of life without possibility of parole on one of the murders, plus a 15-year-to-life term on the second murder, and determinate sentences for the robberies. After eventually effecting service of process on the various defendants in this civil action, demurrers were filed by the defendants and orders were entered sustaining each without leave to amend due to expiration of the statute of limitations and noncompliance with the claims procedures for public entities.

Plaintiff appealed, although as to all defendants except the City and the County, the appeal was dismissed. On appeal, plaintiff challenges the dismissal of his action. We affirm.

## BACKGROUND

In 1994, plaintiff stood trial in a criminal case in which he and a codefendant were charged with seven counts, including attempted murder (Pen. Code, §§ 664, 187)[1], two

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

counts of murder with multiple murder special circumstances alleged (§§ 187, subd. (a), 190.2, subd. (a)(3), counts 2, 4), and four counts of robbery (§ 211, counts 3, 5, 6, and 7). During trial, defense counsel made a motion for acquittal. As to count 1, the attempted murder, the motion was granted. As to count 2, the court granted the 1118.1 motion as to first degree murder, leaving open the possibility of a conviction for second degree murder. As to the remaining counts, the motion was denied and plaintiff was convicted and sentenced. (*People v. Carter et al.* (Jan. 14, 1997, E015694) [nonpub. opn.], pp. 1-2.)[2] His convictions and sentence were affirmed on appeal. (*Id.*, at p. 15.)

On October 25, 2017, plaintiff filed a civil complaint against the City, the Rialto Police Department, the County, Rialto police detectives Terry Tesone and Robert Perriguey, and plaintiff's criminal defense attorney Grover Porter for personal injury and civil rights violations. The complaint included an allegation that compliance with a claims presentation statute was excused pursuant to Code of Civil Procedure section 352.1, for disability, due to plaintiff's incarceration pursuant to a sentence to life without the possibility of parole.

Plaintiff made repeated attempts to enter the defaults of each defendant, both before he had effected service on them of the summons and complaint, and later, after service was complete, when the defendants whose defaults he sought had already

---

[2] We take judicial notice of the superior court records and files in the criminal matter where defendant made a motion for acquittal pursuant to Penal Code, section 1118.1, which was granted as to count 1 only. (*People v. Carter,* San Bernardino Superior Court, case No. FSB03821.) We also take judicial notice of our unpublished opinion in plaintiff's direct appeal, *People v. Carter, et al.* (Jan. 14, 1997, E015694).

demurred to the complaint. The County demurred to the complaint on grounds plaintiff did not comply with the mandatory claims presentation requirement for suits against public entities, and the expiration of the statute of limitations. Defendant City also demurred to the complaint, although its pleading is not included in the record on appeal.

The court sustained each demurrer without leave to amend. Judgment in favor of the defendant Grover Porter was entered on January 19, 2018.[3] As to the County, judgment was entered on July 21, 2020, and as to the City, judgment was entered on June 24, 2020.[4] Plaintiff appealed.

## DISCUSSION

Plaintiff's arguments are not a model of clarity. He asserts he properly requested entry of the defendants' defaults, and that the trial court therefore lacked jurisdiction to consider and sustain the respective demurrers to the complaint by the County and City, in violation of his rights. He also argues he was excused from compliance with the requirement of filing a claim against the public entities pursuant to Government Code

---

[3] Several of the defendants made motions to dismiss the appeal. We granted the motion as to Mr. Porter, as indicated. As to the Rialto Police Department and the two named police detectives, we granted the motion on the ground the appeal was premature as to those defendants, due to lack of a final judgment.

[4] As to Grover Porter, the appeal was dismissed as untimely by our order dated January 20, 2021. The appeal as to the Rialto Police Department and the two detectives was dismissed as premature because no judgment had been entered although the demurrers had been ruled on in their favor. That left the City and the County as parties to this appeal. While the appellate record does not include ruling on the demurrer in favor of the City, the Register of Actions provides some evidence.

4

section 945.4, and that the statute of limitations on his action was tolled because of his incarceration. We disagree.

a. *Rejection of Requests to Enter Defaults Was Proper.*

The register of actions included in the clerk's transcript on appeal reflects that at the time of his first request for entry of default against the defendants, neither of them had yet been served with the summons and complaint. In fact, plaintiff's complaint was dismissed in March 20, 2018 for want of prosecution due to his failure to serve the remaining defendants after Mr. Porter's dismissal from the action. That dismissal was eventually vacated and plaintiff eventually succeeded in serving the summons and complaint on the remaining defendants. Defendants timely demurred as no default had been entered.

The entry of defaults is governed by Code of Civil Procedure section 585, which provides in part that in a civil action for the recovery of money or damages, a default may be entered against a defendant if the defendants have been served, other than by publication, and no answer, demurrer, motion to dismiss, or other first pleading as provided by statute has been filed. (Code Civ. Proc., § 585, subd. (b).) If the complaint seeks recovery of a specified amount of damages, a clerk's default may be entered. (Code of Civ. Proc., § 585, subd. (a).) However, if the complaint seeks nonmonetary relief or monetary relief in amounts that require additional evidence or the exercise of judgment to determine, the plaintiff must request entry of judgment by the court. (Code Civ. Proc., § 585, subd. (b); *Holloway v. Quetel* (2015) 242 Cal.App.4th 1425, 1432.)

"The clerk has no authority to enter the default of a defendant in the absence of valid proof of service of summons." (*Woods v. Stallworth* (1960) 177 Cal.App.2d 517, 520.) As to plaintiff's original requests for entry of default as to all the named defendants, the trial court properly refused to enter their defaults because they had not yet been served.

Plaintiff ultimately filed proofs of service on the named defendants on December 11, 2019. The County filed its demurrer to the complaint on January 2, 2020, within the 30-day response period, while the City filed its demurrer on January 29, 2020.[5]

The trial court correctly rejected plaintiff's requests for entry of default against the County and the City.

b.     *The Orders Sustaining the Demurrers of the County and City Without Leave to Amend Were Proper.*

Plaintiff argues the trial court improperly sustained the demurrers without leave to amend on grounds pertaining to (i) the expiration of the statute of limitations and (ii) his failure to comply with the government claims procedure. (Gov. Code, § 945.4.) We disagree.

(i)     *Expiration of the Statute of Limitations*

On review of a superior court's orders "sustaining defendants' demurrers, we examine the complaint de novo to determine whether it alleges facts sufficient to state a

---

[5] Plaintiff attempted to file a request for entry of default against "Rialto City Hall" prior to the City's demurrer, but this was rejected because Rialto City Hall was not a party to the action.

6

cause of action under any legal theory, such facts being assumed true for this purpose." (*McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415, citing *Santa Monica Beach, Ltd. v. Superior Court* (1999) 19 Cal. 4th 952, 957; *Blank v. Kirwan* (1985) 39 Cal. 3d 311, 318.)

"When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action." (*Blank v. Kirwan, supra*, 39 Cal.3d at p. 318.) When a demurrer is sustained without leave to amend, *Blank v. Kirwin, supra,* instructs us to decide whether there is a reasonable possibility that the defect can be cured by amendment:  if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. (*Blank v. Kirwan, supra*; *Kilgore v. Younger* (1982) 30 Cal.3d 770, 781; *Cooper v. Leslie Salt Co.* (1969) 70 Cal.2d 627, 636.)  "The burden of proving such reasonable possibility is squarely on the plaintiff." (*Cooper v. Leslie Salt Co., supra*, at p. 636.)

Plaintiff's complaint is on a Judicial Council form for a personal injury action and includes causes of action for negligence and malicious prosecution, with passing reference to a violation of his civil rights.  A section 1983 cause of action is subject to the forum state's statute of limitations for personal injury torts. (*Wallace v. Kato* (2007) 549 U.S. 384, 387 [166 L.Ed. 2d 973, 127 S.Ct. 1091].)  California's statute of limitations governing a personal injury claim is two years. (Code Civ. Proc., § 335.1 ["Within two years:  An action . . . for the death of . . . an individual caused by the wrongful act or neglect of another"].)

7

"Federal law governs when a cause of action accrues and when the statute of limitations begins to run on a federal civil rights cause of action." (*Shalabi v. City of Fontana* (2021) 11 Cal.5th 842, 847.) Insofar as federal law applies the forum state's statute of limitations, the California's two-year statute of limitations is applicable in this matter. (*Id.,* at p. 847.)

Plaintiff argues that the statute of limitations was tolled because he suffers from a disability based on his incarceration. Here again, "[s]tate law controls the tolling of the statute of limitations for a federal civil rights claim." (*Shalabi v. City of Fontana, supra*, 11 Cal.5th at p. 847.)

Code of Civil Procedure, section 352.1, governs the tolling provisions applicable to prisoners. Subdivision (a) of section 352.1, provides: "(a) If a person entitled to bring an action, mentioned in Chapter 3 (commencing with Section 335), is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years." "Literally, the section tolls the statutes of limitations only for persons who are serving terms *less* than for life." (*Grasso v. McDonough Power Equipment, Inc.* (1968) 264 Cal.App.2d 597, 599.) It does not operate to toll actions for persons serving a sentence of life without possibility of parole. (*Ibid.*; see also *Brooks v. Mercy Hospital* (2016) 1 Cal.App.5th 1, 6-7.)

8

However, even if Code of Civil Procedure section 352.1 applied to prisoners committed to prison for life without possibility of parole, subdivision (b) of section 352.1 provides, "This section does not apply to an action against a public entity or public employee upon a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) or Chapter 2 (commencing with Section 910) of Part 3, or Chapter 3 (commencing with Section 950) of Part 4, of Division 3.6 of Title 1 of the Government Code." Because the County and City are public entities, plaintiff's claims were not tolled pursuant to section Code of Civil Procedure 352.1, subdivision (b).

Nevertheless, although it is unclear precisely how the granting of a motion for acquittal on one count gave rise to a right of action in tort or for violation of his civil rights, even if the running of the statute of limitations were tolled, that tolling expired after two years from the date the claim accrued. (Code Civ. Proc., §352.1, subd. (a).) By plaintiff's own assertion, his claim accrued when the trial court granted his motion for acquittal on the attempted murder charge, which occurred in 1994. Thus, even with tolling due to imprisonment, the tolling ended in 1996 and plaintiff then had two years to institute this action.

Plaintiff brought this civil action 23 years later, in 2017, well past the expiration of the statute of limitations, even if the matter had been tolled. The trial court properly sustained the demurrer without leave to amend on this ground.

(ii)     *Failure to Comply with Government Code § 945*

The second ground for sustaining the demurrers without leave to amend was plaintiff's failure to timely present his claims to the public entity in conformity with Government Code section 945.4.  In his reply brief, plaintiff asserts he filed the requisite claims against the County and the City in 2016, and thereby satisfied the provisions of section 945.4.  We disagree.

Government Code section 945.4 provides, "Except as provided in Sections 946.4 and 946.6, no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board, in accordance with Chapters 1 and 2 of Part 3 of this division."

Prior to maintaining suit, a claim must be presented as provided in Government Code, section 911.2.  Under that section, a claim relating to a cause of action for death or for injury to person must be presented not later than six months after the accrual of the cause of action.  (Gov. Code, § 911.2, subd. (a).)  A claim relating to any other cause of action shall be presented not later than one year after the accrual of the cause of action.  (*Ibid.*)  "The timely filing of a claim is an essential element of a cause of action against a public entity and failure to allege compliance with the claims statute renders the

10

complaint subject to general demurrer." (*Wood v. Riverside General Hospital* (1994) 25 Cal.App.4th 1113, 1119.)

Under California law, an element of a cause of action against public officials is compliance (or an excuse from complying) with the claim presentation requirements set forth in the Government Claims Act. (*State of California v. Superior Court* (2004) 32 Cal.4th 1234, 1239-1240.) We are aware that the claim provision of Government Code section 911.2 is inoperative in an action brought under 42 U.S.C. section 1983. (*Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 713, overruled on a different point in *Wilson v. Garcia* (1985) 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254.) However, plaintiff's complaint sounds in tort.

Plaintiff's complaint appears to acknowledge that the claim requirements were applicable: he asserts that he was excused from compliance by virtue of disability due to his imprisonment. In other words, plaintiff did not claim that compliance was excused due to the nature of the lawsuit.

More importantly, although plaintiff has inserted the words "violation of civil rights" in the caption of the complaint, the body of the complaint does not allege any of the usual elements of a cause of action for a violation of civil rights. Instead, he has utilized a form complaint for a generic negligence action for personal injury or property damage, including the attachments for a negligence cause of action and a cause of action for intentional torts (malicious prosecution, false arrest). As to the causes of action that have been stated in the complaint, the claims presentation requirements applied, and

11

plaintiff was required to file his lawsuit within six months, and not more than one year, following denial of the claim. (Gov. Code, § 911.2.)

The requirement of complying with the governmental claims procedure is not tolled by plaintiff's imprisonment. (Code Civ. Proc., § 352.1, subd. (b).) Therefore, plaintiff's complaint fails to allege compliance with the claims statute, rendering the complaint subject to general demurrer. (*Wood v. Riverside General Hospital, supra,* 25 Cal.App.4th at p. 1119.)

In any event, even if the presentation of a government claim were excused, the expiration of the statute of limitations more than 20 years earlier nevertheless barred the complaint.

There is no possibility plaintiff can amend his complaint to cure the defects where, under any scenario, he filed it far too late. The trial court properly sustained the demurrers without leave to amend.

### DISPOSITION

The judgment is affirmed. Respondents are entitled to costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.


We concur:

McKINSTER
J.

FIELDS
J

12